PEOPLE ex rel. ARGUS CO. v. PALMER et al.[1]

(Supreme Court, Special Term, Albany County. May 15, 1895.)

PUBLIC PRINTING—LOWEST BIDDER.

A concurrent resolution by the two houses of the legislature calling for the printing of extra copies of bills is not a "law," within Laws 1892, c. 682, §§ 72, 77, providing that the contract for legislative printing shall include certain additional copies of bills "when ordered by statute," and any extra number of copies "whenever ordered by law"; and therefore the extra copies called for by such resolution cannot be considered in determining who is the lowest bidder.

Application by the Argus Company for a writ of mandamus to compel John Palmer, as secretary of state, James A. Roberts, as comptroller, and Theodore E. Hancock, as attorney general, composing the board to award the contract of legislative printing except session laws and slips. Granted.

Amasa J. Parker, Jr., for relator.

W. E. Kisselburgh, Jr., Dep. Atty. Gen., for defendants.

William M. Ivins and John J. Montignani, for John E. Milholland.

LANDON, J. The question presented is whether, under the statute authorizing the defendants, as the board to award the contract for certain public and legislative printing to the lowest bidder, they can adopt as a basis for computation, in order to determine who is the lowest bidder, extra copies of legislative bills, assumed by the board to be called for and ordered by the concurrent resolution of the senate and assembly in 1892, such extra copies being in excess of the number of copies authorized to be printed by section 72 of the legislative act. Laws 1892, c. 682. The board advertised for proposals, received several bids, and on the 10th of May, 1895, proceeded to consider said bids with the view of awarding the contract, and thereupon, as appears from the affidavit submitted by them, adopted a resolution "to the effect that said board of state officers should include in the basis of computation of said bids for such legislative printing the extra copies of bills called for by the concurrent resolution at page 234 of the Senate Journal of 1892," and thereupon adjourned. I assume (as was assumed by the counsel for the board for the sake of the argument), but without deciding, and without prejudice to the decision of the matter by said board, that upon the basis of said resolution the relator is not the lowest bidder, but is the lowest bidder if the said resolution is unauthorized by law. Sections 72 and 77 of the "legislative law"

[1] Affirmed pro forma by the general term.

(chapter 682, Laws 1892) prescribe the duties of the board in respect to the award of the contract for legislative printing. Unless the concurrent resolution mentioned in the resolution adopted as aforesaid by the defendants has of itself, or by the aid of other statutes, the force of law, said sections of chapter 682 confer the sole power proposed by the defendants respecting the printing mentioned in their resolution of May 10th. Section 72 provides for including in the contract the printing of 640 copies of each senate and assembly bill, and "also for each additional 100 copies thereof　*　*　* when ordered by statute." Section 77 provides that "such contractor shall print any extra number of copies of bills　*　*　*　whenever ordered by law," and that for this printing the contract shall provide the price. The contract now to be awarded is to be in force for two years from October, 1895. I have no doubt that "provided by statute" and "provided by law," as here used, mean the same thing. When there is a statute prescribing and covering the powers and duties of the board in respect to the contract, it is difficult to conceive how there can be any other law enlarging their powers and duties. Indeed, this statute is called the "legislative law," and the "law" mentioned in section 77 is no other than this statute. A concurrent resolution of the two houses is not a statute. "No law can be enacted except by bill" (Const. art. 3, § 14), and this, when passed by the senate and assembly, must be approved by the governor. The learned counsel for the relator has collated an interesting historical review of the legislation respecting legislative printing. The statutes in force in 1892 were revised and superseded by the "legislative law" of 1892. It appears from this review that the words "ordered by statute" were inserted in chapter 588 of the Laws of 1886, entitled "An act to provide for and define the public or legislative printing," in place of the proposed words, "ordered by concurrent resolution," as the result of a very persistent effort on the part of Gov. Hill and others to reduce and confine public printing within statutory bounds. The concurrent resolution of 1892, at page 234 of the Senate Journal of that year, reads as follows:

"Resolved, that the contractor to do the public and legislative printing be, and he hereby is, ordered and directed to print for the use of the legislature, in addition to the number of bills required to be printed by the 17th joint rule, 500 extra copies of all general bills introduced in either house."

As this resolution is not a statute or law, it can be nothing more than an order of the legislature of 1892 to the printing contractor to do the extra printing specified, and trust to the supply bill for his pay. The fact that the public printer has never been disappointed in the supply bill in this respect may forecast future happenings, but nevertheless a spent resolution and an expected clause in a future supply bill must not be mistaken for an existing statute or law. The defendants were therefore in error in including in the basis of computation of the bids for legislative printing the extra copies of bills called for by the said concurrent resolution. So long as the defendants keep within the terms of the statute which confers, defines, and limits their duties, the court cannot

interpose.   But when they go outside those limits, to the prejudice of the public, or of an individual whose rights are thereby injuriously affected, they must be called back within them.   What they may rightfully do within their prescribed powers affords us no test of their action outside of them.   They can do nothing rightfully outside of them, and it is improbable that they will do anything improperly or wrongfully within them.   My attention is called to the twenty-first section of the legislative act.   It is not probable that this section authorizes printing extra copies of the papers or documents of which the number to be printed is fixed by the statute itself.   The writ of mandamus must issue commanding the defendants to exclude from their basis of computation the extra number of copies of bills mentioned in said concurrent resolution.