IN RE APPEAL OF GEORGE WILKINS.
GEORGE WILKINS, APPELLEE, V. STATE OF NEBRASKA, APPELLANT.

FILED APRIL 10, 1928. No. 26268.

*O. S. Spillman*, Attorney General, and *George W. Ayres*, for appellant.

*J. P. Palmer* and *Seymour L. Smith*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOOD, J.

Plaintiff filed with the state auditor a claim against the state of Nebraska for services rendered and expenses incurred. From the auditor's disallowance of the claim, he appealed to the district court for Lancaster county, where, after trial, judgment was rendered in his favor. The state has appealed. The following facts appear from the record:

Plaintiff was a member of the Nebraska state senate for the years 1923 and 1924. During the closing days of the legislative session of 1923, the state senate, by resolution, appointed a committee of three of its members, of which plaintiff was one, for the purpose of investigating charges made by the governor regarding discrepancies in the financial reports of some of the departments of the state. The resolution empowered the committee to summon witnesses and do all things that, in its judgment, were necessary to investigate the charges, and provided that the committee should report its findings at such time and in such manner as, in its judgment, was proper. Immediately after the close of the legislative session of 1923, the committee met, organized and proceeded to a consideration of the work before it. The committee seems to have deemed it essential to a performance of its duties to have the services of an expert accountant, to examine the accounts of the departments under investigation. Plaintiff is an expert accountant and performed that service. The claim which he filed was for services as an accountant while a member of such committee and for expenses incurred, aggregating the sum of $4,405.35, of which amount

$1,615.35 was for expenditures by plaintiff and $2,760 was for compensation for his services rendered.

Plaintiff does not contend that there was any contract or agreement that he should be compensated for his services, but that it was a voluntary service rendered to the state, and for which the legislature, in its wisdom, may make an appropriation to compensate him. On the other hand, it is contended by the state that the service was rendered in the performance of official work as a member of the legislature, and that under constitutional provisions (hereinafter quoted) it was not within the power of the legislature to make an appropriation to compensate him for such services. It seems to be admitted by the state that he may be entitled to recover for any expense incurred in the performance of his duty as a member of the senate committee.

Section 7, art. III; of the Constitution, among other things, provides: "Senators and representatives shall be elected for a term of two years. They shall each receive the sum of eight hundred dollars for attendance at each regular biennial session of the legislature and ten dollars for each day in actual attendance at special sessions; but in no case shall compensation for attendance at any one special session exceed one hundred dollars. They shall also be paid ten cents per mile for each mile traveled in once going to and returning from each regular or special session of the legislature by the most usual route. Members of the legislature shall receive no pay nor perquisites other than their mileage and salary or per diem, as the case may be, nor shall employees receive any other compensation than their salary or per diem."

Section 9, art. III, of the Constitution, in part, provides: "Nor shall any person interested in a contract with, or an unadjusted claim, against the state hold a seat in the legislature."

Section 16, art. III, of the Constitution, provides: "No person elected or appointed to the legislature shall receive any civil appointment to a state office during the term for

which he has been elected or appointed, and all such appointments shall be void; nor shall any member of the legislature, or any state officer be interested, either directly or indirectly in any contract, with the state or any county or municipality thereof, authorized by any law enacted during the term for which he shall have been elected or appointed, or within one year after the expiration of such term."

Section 19, art. III, of the Constitution, provides: "The legislature shall never grant any extra compensation to any public officer, agent, or servant after the services have been rendered nor to any contractor after the contract has been entered into, nor shall the compensation of any public officer, including any officer whose compensation is fixed by the legislature subsequent to the adoption hereof, be increased or diminished during his term of office."

A careful consideration of these several constitutional provisions clearly reveals a purpose not to permit any incentive or temptation for emoluments, gains, or position, to influence members of the legislature in any of their official actions. There is a clear purpose to limit their compensation to the amount permitted by the Constitution for any service they may perform in their official capacity. By removing any temptation or incentive to act with a view to a reward, pecuniary or otherwise, it was the evident purpose so far as could be accomplished, to require every member of the legislature to perform every act of official conduct with a view to the public interests and welfare alone. In the instant case, it may be conceded, for the purposes of this decision, that there was no ulterior motive on the part of any member of the legislature in appointing the committee, or adopting the resolution which created it, and, too, it may be conceded that plaintiff acted in the utmost good faith and honestly performed a service for the state that may have been equal in value to the amount which he demands, but good faith and service honestly rendered will not suffice. If that were sufficient, then any member of the legislature

might render a service for the state in the course of his official duties, and yet one not strictly required of him, and receive compensation therefor. Such a course is not sanctioned by the Constitution. If a recovery were permitted in this case, it is conceivable that future legislatures might appoint a multitude of committees to investigate various industries and activities of the state. Members might spend weeks or months in making their investigations and report again to the legislature, or to the various officers of the state, and, while their services might be valuable, yet they should not be permitted, because thereof, to compensate themselves from the state treasury for the services so rendered.

In the instant case, it is possible, nay probable, that the committee of the senate might have employed an accountant to perform the service that was rendered by the plaintiff in this action, and that the legislature might have made an appropriation and properly compensated him therefor, but that question is not before us and is unnecessary to decide. In the instant case, the labor that was performed was by a member of the committee, was a part of the work of the committee, and, when performed as a part of the committee's work, it was the work of a member of the senate. To permit a recovery in this case would be to permit the plaintiff to receive extra compensation for services so closely allied to his work, as a member of the legislature, as to be a part thereof.

It follows that plaintiff cannot be compensated, out of the state treasury, for the service so rendered. The Constitution forbids it. The legislative appropriation of funds, in so far as it attempts to provide funds for the payment of services rendered by plaintiff, is ineffectual.

It follows that the district court erred in allowing plaintiff's claim in full. Since no real objection is lodged to the part of plaintiff's claim based upon expenditures amounting to $1,615.35, his claim should have been allowed to that extent, and to that extent only.

The judgment of the district court is therefore reversed, and the cause remanded, with directions to allow plaintiff a recovery for the sum of $1,615.35, for expenses incurred.

REVERSED.