THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. HASTINGS, Appellant, *v.* SAMUEL H. HOFSTADTER and Others, Individually and as Members of the Joint Legislative Committee to Investigate the Affairs of the City of New York, and Others, Respondents.*

Second Department, January 19, 1932.

*Frank P. Walsh*, for the appellant.

*Samuel Seabury*, for the respondents.

PER CURIAM. 1. As to whether the committee continued to exist after the legislative term came to an end on December 31, 1931, or continued with the powers and authority originally granted to it until the time to make its report on February 1, 1932, we find no direct judicial authority in this State, although the custom and

* Affg. 142 Misc. 886. Affd., 258 N. Y. 425.

practice for many years has sustained the affirmative view (See *People* v. *Backer*, 113 Misc. 400, 403, 404), and there seems to have been some general recognition of the practice. (*Branham* v. *Lange*, 16 Ind. 497, 500; *Matter of Davis*, 58 Kan. 368, 382; *Marshall* v. *Harwood*, 7 Md. 466, 470, 482.) There are authorities in other jurisdictions to the contrary, to the effect that the power of such committees terminates even upon adjournment *sine die*. (See *Fergus* v. *Russel*, 270 Ill. 304, 344; *Matter of Hague*, 105 N. J. Eq. 134; 147 Atl. 220, 221.) We are not, however, informed as to the constitutional and statutory provisions upon which such decisons are based.

2. We are informed of no equity jurisdiction existing in the Supreme Court to undertake in a summary proceeding to set aside the service of a subpœna issued by a legislative committee.

3. There is no valid claim of relator to have the subpœna set aside on the ground that he was privileged from service of such process under section 2 of the Legislative Law.

4. That the subpœna was properly issued and signed by the vice-chairman under the provisions of the Constitution, article 13, section 1, and Public Officers Law, sections 15, 30.∎

The order should be affirmed.

LAZANSKY, P. J., KAPPER, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Order denying motion to quash, vacate and set aside the service of the subpœna of the joint legislative committee affirmed.