REQUESTED BY: Dear Senator Beutler:
You have requested the opinion of this office regarding whether a legislative committee can constitutionally be empowered to act in the interim by a rule of the Legislature. As you noted, the power given by rule would be separate and distinct from any powers conferred upon committees by the Executive Board of the Legislative Council pursuant to its enabling legislation.
As you explained, permanent committees are created and empowered by the Rules of the Legislature adopted at the beginning of each biennial session. The committees meet even when the Legislature is in recess and conduct business pertaining to their functions of oversight, investigation and bill formulation. Some of the committee business conducted during the interim is not specifically authorized by interim study resolution.
It is axiomatic that the committee system is a creature of the legislative body and must look to its parent for its authority and power. In other words, a committee may act only upon proper authorization by the legislative body.Murphy v. Collins, 20 Ill. App.3d 181, 312 N.E.2d 772, 785
(1974); Mason's Manual of Legislative Procedure, § 615, p. 439 (1953); Sturgis Standard Code of Parliamentary Procedure,
p. 179 (1966). Additionally, legislative committees have no power to act as such after adjournment of the Legislature, unless they are specifically authorized to do so.Commercial Farmers Bank v. Worth, 117 N.C. 146,23 S.E. 160 (1895); Mason's Manual of Legislative Procedure, supra
at 445; 28 A.L.R. 1154, 1155 (1922).
The manner through which this authority may be transmitted from the legislative body to its committees has been the subject of several judicial decisions. In Murphy v.Collins, 20 Ill. App.3d 181, 312 N.E.2d 772 (1974), the court, while holding that the particular committee activity at issue was not authorized, concluded that the Illinois House of Representatives could create and empower standing committees through its legislative rules. However, this case involved only the authority of committees to function during the legislative session.
In regard to the manner of authorizing a legislative committee to function during the interim between sessions, the weight of judicial authority supports the conclusion that the Legislature may do so by resolution. People v.Hofstadler, 58 N.Y. 425, 180 N.E. 106 (1932); 28 A.L.R. 1154 (1922). In so holding, courts have rejected challenges founded on constitutional restrictions regarding the duration of legislative sessions, as well as arguments based on constitutional prohibitions against enacting laws except by bill. State ex rel. Robinson v. Fluent, 30 Wn.2d 194,191 P.2d 241 (1948); People v. Backer, 113 Misc. 400,185 N.Y.S. 459 (1920); State v. Atterbury, 300 S.W.2d 806
(Mo., 1957). The Nebraska Supreme Court has never considered this issue; however, in In re Appeal of Wilkins,116 Neb. 748, 219 N.W. 9 (1928), the court, while considering a different issue, apparently presupposed the validity of committee actions taken after the close of the legislative session pursuant to a resolution of the state senate.
Our research has revealed no cases considering the precise inquiry raised herein, i.e. whether the Legislature may constitutionally authorize legislative committees to function during the interim by rule of the Legislature. However, the reasoning employed by the above cited authorities is instructive.
A state constitution is not a grant but a restriction on the legislative powers; therefore, the Legislature has all legislative powers not denied it by the constitution.AFMSCE v. State, 200 Neb. 171, 177, 263 N.W.2d 643
(1978); State v. Atterbury, supra at 810. An express enumeration of legislative powers in a state constitution does not exclude others not mentioned, unless accompanied by negative terms. State ex rel. Robinson v. Fluent, supra191 P.2d at 246.
The Legislature possesses the inherent powers of inquiry, research and investigation as a basis for future legislation. 72 Am.Jur.2d, States, § 48, p. 447. It has been held that constitutional restrictions regarding sessions are limitations upon the power of enacting laws, not upon the function of investigation. State ex rel. Robinsonv. Fluent, supra 191 P.2d at 246; State v. Atterbury,supra, 300 S.W.2d at 812.
Further, as heretofore noted, the constitutional prohibition against enacting laws except by bills has been held to be inapplicable to the transmittal of power and authority from the Legislature to its committees. People v. Backer,supra, 185 N.Y.S. at 460.
In our opinion, there appears to be no constitutional restriction on the power of the Nebraska Legislature to specifically authorize its permanent committees to conduct business during the interim by rule of the Legislature. There being no constitutional restriction, the result follows, in our opinion, that the Legislature is empowered to do so.
Further, Article III, section 10 of the Nebraska Constitution directs that `. . . the Legislature shall determine the rules of its proceedings. . . .' In State v.Hagemeister, 161 Neb. 475, 73 N.W.2d 265 (1955), the court discussed this constitutional provision, stating:
 ". . . It will be observed that this authority does not limit itself to any particular power which the Legislature has or is given but is broad and unlimited in its scope. . . .
 ". . . `The power to determine rules of proceedings is not restricted to proceedings of the body in ordinary legislative matters, but extends to the determination of the propriety and effect of any action taken by the body as it proceeds in the exercise of any power, in the transaction of any business, or in the performance of any duty conferred on it by the constitution. * * *'" Id.
at 628, 629.
Further, it has been held that the Legislature's interpretation of the constitutional provision authorizing it to determine the rules of its proceedings, while not binding on the judiciary, is persuasive and should be upheld unless manifestly erroneous. Witherspoon v. State, 138 Miss. 310, 103 So. 134 (1925); Moore's Manual of LegislativeProcedure, § 71, p. 72-73.
The committee system, being the principal means through which the legislative body performs many of its duties and powers including investigation, research and inquiry, is an integral part of the legislative process. In our opinion, the Legislature could reasonably interpret the constitutional directive to determine the rules of its proceedings as encompassing the creation and authorization of committee activities which, if so specifically directed, could therefore constitutionally continue during the interim.