## FRANK WALKER v. FRANK WADING.[1]

April 4, 1930.

No. 27,689.

*Fraser & Fraser,* for relator.
*Christensen & Ronken,* for respondent.

HILTON, J.

Certiorari to review an order of the industrial commission awarding compensation to Frank Walker, respondent, for injuries suffered

[1]Reported in 230 N. W. 274.

while in the employ of Frank Wading, relator. The parties will be hereinafter referred to as respondent and relator. The referee denied compensation; on appeal to the industrial commission the decision of the referee was reversed by a two to one vote and compensation awarded.

Relator was operating a farm and had also owned and operated a threshing machine for over 25 years. He could be engaged in two lines of business, farming and commercial threshing, dual activities. Charpentier v. Cumming, 178 Minn. 519, 227 N. W. 663; Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428. Respondent received the injuries during the 1928 threshing operations in which relator was engaged. The question involved here is whether relator was a commercial thresherman. If he was the award under the compensation law was proper; if not he came under the exception relieving him from liability thereunder.

G. S. 1923 (1 Mason, 1927) § 4326(m), defines "commercial threshermen" as persons going about from place to place threshing grain as a business; provided that farmers owning threshing machines not engaged in such business generally and doing their own threshing, or casually doing such work for other farmers in the same community, and farmers exchanging work among themselves shall not be classed as commercial threshermen.

Relator did his own threshing and went from farm to farm threshing for farmers in the immediate locality. The threshing season was limited to a brief period during each autumn, ranging from 10 to 14 days each year. The group of farmers (nine in number) for whom the threshing was done was referred to as a "ring"; both relator and respondent belonged thereto. These nine farmers exchanged help among themselves in the threshing work. This relationship was separate and distinct from that existing between relator as the owner and operator of the threshing outfit and the farmers for whom the threshing was done. Each farmer furnished a team, wagon, and man, and some who had larger farms furnished an extra team, wagon, and man. This exchange work consisted of hauling bundles to the machine, hauling the threshed

grain away, and in other work involved in the threshing operations (except running the engine and operating the separator).

Relator did the threshing for the members of the "ring" at a fixed price ranging from four cents to ten cents per bushel of grain threshed. This plan of operation had existed regularly for 14 to 15 years. The work was not casual. The personnel of the "ring," other than relator, changed slightly from year to year. Relator, as a member of the "ring," exchanged help with the other eight members and furnished a team, wagon, and man besides himself; he was the owner of the threshing machine used and occasionally threshed for others outside of the "ring." At the time and place of the accident relator was threshing for a nonmember, all the threshing for the "ring" having been completed.

Relator, during the threshing operations, furnished and paid the engineer who operated the engine, while relator himself operated the separator. On the day before and the day of the accident the regular engineer was absent, and respondent, who was a licensed engineer, was hired by relator to run the engine. His wages were $4 per day instead of $3 per day at which other labor was figured. While performing his duties respondent was injured. The accident arose out of and in the course of his employment; such employment was not that of a farm laborer. There was nothing connected with his work when injured that made it exchange work. Although differing slightly in its facts, the case of Charpentier v. Cumming, 178 Minn. 519, 227 N. W. 663, is in principle clearly in point here. To this all of the industrial commissioners agree.

The commission found as a fact that relator was, at the time of the accident, engaged in the business of a commercial thresherman and in that capacity employed respondent. Upon all the evidence of the case and the reasonable inferences to be drawn therefrom, the commission was warranted in making that finding. It must stand. The order awarding compensation to respondent is affirmed. An attorney's fee of $50 is allowed.

Affirmed.