FRED GUSE, APPELLANT, V. GEORGE W. WESSELS ET AL., APPELLEES.

270 N. W. 665

FILED JANUARY 5, 1937. No. 29985.

*Benton Perry,* for appellant.

*Kirkpatrick, Good & Dougherty, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

In this case the appellant brought suit against the appellees to recover benefits alleged to be due under the workmen's compensation act for injuries sustained while

in their employ. The trial court found against the appellant and dismissed the action. From this judgment, appellant appeals.

The record discloses that appellant was employed by the appellees, George W. and Albert Wessels, as a carpenter to assist in building a machine shed on the farm owned by appellees. It was agreed that appellant was to receive 40 cents an hour for his work. It appears that, when the shed was almost completed, and at a time when appellant was engaged in nailing metal roofing on the shed, he fell from the roof to the ground, breaking a leg and sustaining other injuries. Appellees contend that there can be no recovery against them for the reason that appellant was engaged in farm labor and is therefore excepted from the workmen's compensation law and that the employment was casual and not within the act.

Appellant testifies that he had followed the carpenter trade for many years, although he had taken other kinds of work when there was no carpenter work to do. He had previously worked for the appellees, George W. and Albert Wessels, during the threshing season. The record clearly discloses, however, that he had completed that employment a considerable time prior to his employment as a carpenter to assist in the construction of the machine shed. Appellant did not perform any labor except that in connection with the building of the shed. The question is whether the appellant was a farm laborer within the meaning of section 48-106, Comp. St. 1929, which provides in part as follows: "The provisions of this act shall apply * * * to every employer in this state employing one or more employees. * * * The following are declared not to be hazardous occupations and not within the provisions of this act: employers of household domestic servants and employers of farm laborers."

The Minnesota court aptly states the rule in the following language: "A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged. happens to be

what is ordinarily considered farm labor. The employee of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self-binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employee of a well digger become a farm laborer while stabling horses used on the drilling outfit. But a farmer's hired man would not cease to be a farm laborer while adjusting harvesting machinery or stabling the horses of a contractor drilling a well on the place. The modern farm laborer doubtless does much work on the rapidly increasing electrical equipment on farms. He continues a farm laborer while he does it. But an electrician sent out from town to do the same thing would not become a farm laborer for the occasion. So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one." *Peterson v. Farmers State Bank,* 180 Minn. 40, 230 N. W. 124.

We are convinced in the case at bar that appellees employed the appellant as a carpenter to assist in building a machine shed and not as a farm laborer within the meaning of the compensation law. It having been determined that appellant was not engaged in farm labor, the fact that the employers were farmers can make no difference. In *Keefover v. Vasey,* 112 Neb. 424, 199 N. W. 799, this court said: " 'Employers of farm laborers' as a class are expressly excluded from the employers' liability law, and once the character of the labor is determined, no inquiry as to the occupation or commercial status of the employer is pertinent."

Appellees next contend that the employment of the appellant was casual within the meaning of section 48-115, Comp. St. Supp. 1935, which provides in part as follows: "(3) It shall not be construed to include any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his em-

ployer. The term 'casual' shall be construed to mean 'occasional; coming at certain times without regularity, in distinction from stated or regular.' "

It is clear from a reading of that part of the statute heretofore quoted that, where the employment is casual and not within the trade, business, profession or occupation of the employer, there can be no recovery under the act. *Sherlock v. Sherlock,* 112 Neb. 797, 201 N. W. 645. Was the employment casual and within the trade, business, profession or occupation of the employers?

In *State v. Nelson,* 145 Minn. 123, 176 N. W. 164, it appeared that Anna Foss owned a farm that was managed by her husband Walter Foss. Walter Foss employed carpenters to assist in tearing down an old barn and in rebuilding it. Two of the carpenters were injured and claimed benefits under provisions of the compensation law that were similar to those in the compensation law of this state. It was held that the employment was not within the usual course of the business or occupation of the employer. In deciding that case the court said: "But, if respondent can escape this conclusion, it is only on the theory that the building of a barn is within the usual course of the business or occupation of defendants. In our opinion the Fosses are not in a different situation, as far as this case is concerned, from a farmer living upon and operating his farm. If this was a work within the usual course of their business or occupation, then it was farm work, and, if it was farm work, there is no escape from the conclusion that one performing it was a 'farm laborer' and 'farm laborers' have been denied the benefit of the compensation act."

The record discloses that the appellees George W. and Albert Wessels were part owners of the farm where the machine shed was being built and the tenants in possession thereof. The other appellees were part owners only. The evidence is conclusive that George W. and Albert Wessels were engaged in farming and that they had no other trade or profession. We have already determined that the claimant was not engaged in farm labor. It is quite apparent

therefore that he was not employed in the usual course of the trade, business, profession or occupation of his employers within the meaning of the compensation law. The appellant was employed by the hour to assist in rebuilding the shed in question. It was employment that was occasional only upon the farm.

We conclude that the employment in the case at bar was casual within the meaning of the compensation law. It appears to us that, if it was within the usual course of the trade, business, profession or occupation of the employers, it would necessarily be farm labor and excluded from the operation of the compensation law for that reason. If it was not within the usual course of the trade, business, profession or occupation of the employers, it is expressly excluded by section 48-115, Comp. St. Supp. 1935. Upon a determination that the employment is casual, the claimant is in a dilemma from either horn of which he cannot escape.

The judgment of the trial court is right and is

AFFIRMED.