BERT MCCONNELL, APPELLANT, V. JAMES JOHNSTON ET AL., APPELLEES.

298 N. W. 346

FILED MAY 23, 1941. No. 31160.

620

*Lloyd W. Kelly*, for appellant.

*E. J. Patterson* and *Walter R. Raecke*, contra.

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

MESSMORE, J.

This is an action for compensation wherein the appellant seeks to recover benefits under the workmen's compensation act for injuries received by him while operating a buzz saw as an employee of the appellee, James Johnston, and against the appellee, Frank Ashelford, as the employer of James Johnston. The action was originally brought in the compensation court, alleging injuries received by appellant, while in the employ of James Johnston and Frank Ashelford, on December 31, 1937. Ashelford filed an answer containing a general denial, admitting the accident, denying that he employed the appellant, and alleging that appellee Johnston was an independent contractor; further alleged he was engaged in farming. A judge of the compensation court made an award in favor of the appellant as against both appellees. A rehearing was had before the full compensation court, and the award was affirmed. Appeal was taken to the district court, and the award sustained as against appellee Johnston, but reversed as to appellee Ashelford. This appeal affects only the decision of the district court in so far as the judgment therein applies to Ashelford; Johnston not appealing.

The record discloses that Ashelford is engaged in farming a 150-acre farm, four miles east of Central City, Nebraska, upon which he has lived for 33 years, and at the time of the accident was living there with his wife and hired man. He had always been a farmer and had no other occupation. On December 31, 1937, he engaged appellee Johnston to bring his portable buzz saw, powered by a gasoline engine, out to the farm to cut wood, to be used in the furnace and cook-stove in the house. The sawed wood was not to be sold, or delivered elsewhere, but was to be used for home consumption, for fuel and cooking. Johnston was to receive $1.25 an hour and to furnish the saw, fuel and transportation for the saw. No arrangement was made for a helper for Johnston. When Johnston arrived at the farm with the saw he brought with him the appellant as a helper. Johnston paid appellant the sum of 25 cents an hour. With the employment of appellant, or the amount to be paid him by Johnston, Ashelford had no concern. He did not know who, if any one, would help Johnston and made no contact with appellant in the matter of employment.

Johnston's occupation was that of a general laborer. He owned the buzz saw and, on occasions, he was employed to use the saw. Appellant was a laborer and worked when and where he could obtain employment, and on some occasions as an employee of Johnston's during the winters of 1935 and 1936. However, from the record, the employment of sawing wood and using the buzz saw was occasional. While sawing wood on the Ashelford farm the appellant was feeding the saw when a stick of wood was thrown on the table, hit his elbow, and shoved his hand into the saw, injuring him. The foregoing facts are not in dispute.

Appellant contends that the court erred in holding that he was not entitled to recover compensation from appellee Ashelford, and that the decree of the court is contrary to the evidence and law.

The decision of this case turns primarily upon one of two questions presented, viz.: Was the labor casual? In

this connection appellant contends: The record discloses that Johnston was a commercial wood-sawer and the appellant had been employed by him over a period of four or five months in 1937 at 10 or 12 different places. Therefore, the employment was not casual, within the meaning of the workmen's compensation act; nor would a contract between the sawer and a third person make the employment casual.

Sectioñ 48-115, Comp. St. Supp. 1939, reads, in part: "The terms 'employee' and 'workman' * * * shall be construed to mean: * * * (3) It shall not be construed to include any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his employer. The term 'casual' shall be construed to mean 'occasional; coming at certain times without regularity, in distinction from stated or regular.' "

The appellant was not employed by Ashelford. The work he was doing at the time of his injury is not work that constitutes an every-day occurrence on a farm, but is occasional work; work that is not in the usual course of the business of farming and that comes at certain times, notably in the winter months, when general farm work, such as planting and harvesting, is at a minimum; work that is done without regularity, in distinction from stated work, such as general farming. While firewood is necessary for cooking and heating purposes on the farm, it is likewise necessary in many other places for the same purpose, and it constitutes no part of general farming as the term is understood, especially so when the sawing of wood is only on an average of three to five hours a year on the farm in question, and then not occurring every year. The evidence is not persuasive, nor is any apparent claim made by appellant that he was regularly engaged by Johnston to saw wood. He was a truck driver, a commercial tractor operator, and worked at almost any job he could obtain. True, he was engaged occasionally by Johnston, but not regularly. Part of the work that he did for Johnston was exchange work, in that Johnston used the saw to cut appel-

lant's wood, and in the event that work was completed and Johnston still owed the appellant he paid him on the basis of 25 cents an hour.

The case of *Guse v. Wessels,* 132 Neb. 41, 270 N. W. 665, is, in principle, analogous to the situation in the instant case. The plaintiff in the cited case was employed by part owners and tenants of a farm, whose sole occupation was farming, having no other trade or profession. He was employed as a carpenter to assist in building a machine shed on the farm, to be paid by the hour. While so engaged, he was injured. The court held that the claimant was engaged in casual employment at the time of receiving his injuries; that is, he was not employed in the usual course of the trade, business, profession or occupation of his employers, within the meaning of the compensation law.

It is clear from a reading of that part of the statute heretofore quoted (Comp. St. Supp. 1939, sec. 48-115, subd. 3) that, where the employment is casual and not within the trade, business, profession or occupation of the employer, there can be no recovery under the act. *Sherlock v. Sherlock,* 112 Neb. 797, 201 N. W. 645.

Appellant further contends that the liability of Ashelford is based on section 48-116, Comp. St. 1929, which reads, in part: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this article, shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this article."

The contention is based on the following analysis: Ashelford entered into a contract with Johnston, an independent contractor and commercial sawer, to saw wood on Ashelford's farm, to be used for domestic purposes. By Ashelford's failure to require Johnston to provide for compensation insurance to protect the appellant as the employee of Johnston, the law considers that Ashelford and John-

ston entered into a scheme, artifice or device to escape liability to the appellant, and because of this Ashelford became responsible to the appellant as an employer.

It will be noted that the owner (Ashelford) cannot become an employer unless there is a scheme, artifice or device, to enable him to execute work without being responsible to the workman for the provisions of the workmen's compensation act. Section 48-115, Comp. St. Supp. 1939, defines employee. See subdivision 3 thereof. The labor performed by the appellant was casual and not in the regular trade or business of Ashelford. If he had hired the appellant direct, the work being casual, within the contemplation of subdivision 3, sec. 48-115, Comp. St. Supp. 1939, there was no liability attaching to Ashelford. We conclude that the foregoing contention is without merit.

For the reasons given in this opinion, the judgment of the district court is

AFFIRMED.