CLAIR OLIVER, APPELLANT, v. MELVIN ERNST, APPELLEE.

27 N. W. 2d 622

Filed May 29, 1947    No. 32249.

*Harold L. Gurske* and *Van Pelt, Marti & O'Gara,* for appellant.

*Archibald J. Weaver,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL, and WENKE, JJ.

WENKE, J.

This is a workmen's compensation case and the appeal presents the question of whether or not the defendant, Melvin Ernst, is an employer of a farm laborer within the provisions of section 48-106, R. S. 1943, and thereby exempt from liability under the provisions of the Workmen's Compensation Act.

Section 48-106, R. S. 1943, provides in part as follows: "The following are declared not to be hazardous occupations and not within the provisions of this act: * * * employers of farm laborers, * * *."

The district court found in favor of the defendant and plaintiff appeals. Herein the parties will be referred to as they appeared in the court below.

The record discloses that defendant had retired from the farm in 1934 and at the time of the accident was living in Falls City, Nebraska. He was then engaged in the business of contracting to move dirt by means of a bulldozer. He performed this work for anyone with whom he had an opportunity to contract for such service. He was familiar with the rules and regulations of the United States Department of Agriculture as to soil conservation and reclamation work and some of the work he contracted to do was in this class.

Defendant had in his employ the plaintiff, Clair Oliver, who also lived in Falls City. Plaintiff operated the defendant's bulldozer. On July 18, 1945, he was operating it on the farm of Ed Buchholz located some 10 miles northeast of Falls City. Defendant had contracted with Buchholz to fill a ditch and build a dam in one of Buchholz's fields in order to prevent further washing. Buchholz agreed to pay defendant at the rate of $10 per hour for this job. While operating the bulldozer the plaintiff received an injury which necessitated the amputation of his left leg at a point just above the knee and requires him to use an artificial limb.

At the time of his injury plaintiff was engaged in filling a ditch and building a dam in order to prevent further erosion and thereby conserve the soil. To thus conserve the soil has always been good farming practice although formerly done on a much smaller scale. It has received considerable impetus in recent years. This is probably due to the fact that the value thereof has received considerable publicity and also because of the fact that if done in accordance with the rules and regulations of the United States Department of Agriculture the owner is entitled to certain payments.

The record shows that defendant purchased the bulldozer on or about July 9 or 10, 1945. After acquiring it

and prior to the Buchholz job he had contracted and performed similar work on the farms of Walter Kruse and Walter Finch. He had also contracted with and constructed for the Skelly Oil Company a salt water pond and had done some work for the B & T Drilling Company. The plaintiff had operated the bulldozer in doing all of this work and it had been contracted on the regular basis of $10 per hour.

In discussing this statute in Guse v. Wessels, 132 Neb. 41, 270 N. W. 665, we approved the following from the case of Peterson v. Farmers State Bank, 180 Minn. 40, 230 N. W. 124: "A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employe of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self-binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employe of a well digger become a farm laborer while stabling horses used on the drilling outfit. But a farmer's hired man would not cease to be a farm laborer while adjusting harvesting machinery or stabling the horses of a contractor drilling a well on the place. The modern farm laborer doubtless does much work on the rapidly increasing electrical equipment on farms. He continues a farm laborer while he does it. But an electrician sent out from town to do the same thing would not become a farm laborer for the occasion. So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one." See, also, Trullinger v. Fremont County, 223 Iowa 677, 273 N. W. 124, and Makeever v. Marlin, 92 Ind. App. 158, 174 N. E. 517.

The Minnesota court went on to say: "Inasmuch as

farm laborers are not subject to the compensation law and most others are, two men, for example a farm laborer and the expert mechanic employed by the implement dealer, may be engaged on the same task and be injured, both of them, by the same accident, and yet only one be entitled to workmen's compensation. Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer." Peterson v. Farmers State Bank, *supra*.

The record in this case shows that the plaintiff was employed to operate a bulldozer and perform whatever work defendant contracted for in the way of moving dirt. Although part of the work he was required to do was in fact farm work, that fact alone would not make him a farm laborer within the meaning of the compensation law; nor would the fact that the work being done at the time happened to be on a farm and in the nature of what is ordinarily considered farm labor necessarily change this relation. Taking into consideration the entire relationship of the parties we find that plaintiff was employed to operate a bulldozer and perform whatever work defendant contracted for in the way of moving dirt and not as a farm laborer within the meaning of the compensation law.

We find this holding to be in accord with Keefover v. Vasey, 112 Neb. 424, 199 N. W. 799, for therein Keefover was employed to help do threshing, which concededly is a farming operation and consequently he was employed as a farm laborer.

For the reasons stated the judgment of the district court is reversed with directions for it to enter an order in favor of the plaintiff approving the award allowed him by the full compensation court, from which award the defendant had appealed to the district court.

REVERSED WITH DIRECTIONS.

YEAGER, J., participating on briefs.