JOSE CAMPOS, APPELLEE, V. SAM TOMOI ET AL.,
APPELLANTS.

122 N. W. 2d 473

Filed July 5, 1963. No. 35488.

Herman & Wood, for appellants.

Frank Glebe, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is a workmen's compensation case and the appeal presents the question of whether or not the defendants, under a partnership agreement in the operation of a feed grinder, were employers of a farm laborer within the provisions of section 48-106, R. R. S. 1943, and thereby exempt from liability under the provisions of the Nebraska Workmen's Compensation Act.

Section 48-106, R. R. S. 1943, provides in part as fol-

lows: "The following are declared not to be hazardous occupations and not within the provisions of the act: * * * employers of farm or ranch laborers * * *."

A single judge of the compensation court, the three-member court on appeal, and the district court found that the plaintiff was not a farm laborer within the meaning of the above act, awarded compensation, and the defendants appeal.

The plaintiff was hired by the three defendants, Sam Tomoi, Ed Tomoi, and Kay Yamada, to assist in the operation of a large commercial type hay grinder during the winter months and then afterwards continue to work on their farms. His pay was at an hourly rate of $1.25. The grinder and the equipment accessory thereto were worth approximately $20,000. The hay grinder was of a large type with only two like it in the general area of operations around Scottsbluff. The plaintiff did not live on a farm and was hired to work on the grinder. The plaintiff was injured 6 days after commencing work when his left arm was caught in a shaft while putting a canvas on it, while the defendants were grinding hay under contract for a farmer on a neighboring farm.

The defendants, operating as a partnership, ground hay for large commercial cattle feeders in the area and ground hay for numerous other farmers while the plaintiff was working for them.

They charged $5 a ton and the earnings received by the partnership were placed in a separate bank account from which expenses were deducted. The defendants admitted they grossed over $10,000 a year for grinding. They used the grinder more for hire than for their own work. The defendants farmed about 440 acres of land and engaged in an extensive partnership in a buying, feeding, and selling operation as to lambs and cattle. They used the grinder to grind all of their own hay, and they had to purchase some extra hay for their feeding operations. The net profit from the separate grinding operation was $4,000 to $5,000 annually.

The defendants contend that hay grinding is a farm labor operation from the character of the job, that as employers they were all individual farmers, and that the grinder was used as an integral part of their own farming operation. They contend that the fact that the plaintiff was employed to work with the grinder itself is immaterial, that the employment was essentially farm labor, and that, therefore, the defendants were employers of "farm laborers" and are exempt from the provisions of the act.

There is considerable confusion and diversity of opinion in the cases construing factual situations arising under the applicable provisions of the Workmen's Compensation Act and the principles applicable thereto. See, Keefover v. Vasey, 112 Neb. 424, 199 N. W. 799, 35 A. L. R. 191; 99 C. J. S., Workmen's Compensation, § 33b, p. 195. The place where the work is being performed, the nature of the task the employee is performing at the time, the purposes for which he was hired, and the nature of the employer's occupation have been deemed controlling in different cases. The fact that the employer or employers are engaged in farming does not remove from the coverage of the statute other businesses or occupations carried on by the employer which are otherwise in the coverage of the statute. 99 C. J. S., Workmen's Compensation, § 33, p. 193; Campos v. Garden City Co., 166 Kan. 352, 201 P. 2d 1017; Tucker v. Newman, 217 Minn. 473, 14 N. W. 2d 767; Butterfield v. Brown, 287 N. Y. 623, 39 N. E. 2d 264.

Our latest case where this problem was before us is Oliver v. Ernst, 148 Neb. 465, 27 N. W. 2d 622. The plaintiff was injured while operating a bulldozer on a farm while constructing a water conservation dam. His employer had contracted for the work. The plaintiff did not live on a farm. The district court found that the work was farm work and that the employer was exempt. Our court, on appeal, in reversing this finding, said: "The record in this case shows that the

plaintiff was employed to operate a bulldozer and perform whatever work defendant contracted for in the way of moving dirt. Although part of the work he was required to do was in fact farm work, that fact alone would not make him a farm laborer within the meaning of the compensation law; nor would the fact that the work being done at the time happened to be on a farm and in the nature of what is ordinarily considered farm labor necessarily change this relation. Taking into consideration the entire relationship of the parties we find that plaintiff was employed to operate a bulldozer and perform whatever work defendant contracted for in the way of moving dirt and not as a farm laborer within the meaning of the compensation law."

This court in Oliver v. Ernst, *supra*, approved our holding in Guse v. Wessels, 132 Neb. 41, 270 N. W. 665, wherein we followed and approved the holding in Peterson v. Farmers State Bank, 180 Minn. 40, 230 N. W. 124, wherein it is said: "A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employee of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self-binder in the grain field of the owner, a farmer and customer of the dealer. * * * Neither the pending task nor the place where it is being performed is the test. *The whole character of the employment must be looked to to determine whether he is a farm laborer.*" (Emphasis supplied.)

When we analyze the whole character of the employment here, it appears clear that the plaintiff was not a farm laborer within the meaning of the act. The partnership operation of the defendants was designed and set up, both mechanically and financially, not only to do their own feed grinding, but to commercially operate for profit generally. They characterized and impressed this operation with the stamp of a separate business by

keeping separate accounts, by the volume of business acquired and contracted for, and by the way they dealt with it themselves. The plaintiff was hired at an hourly rate and was working on the grinding machine itself at the time of the accident, the job itself was contracted commercially for profit, and further contract operations were to last over a 10-month period. The fact that the work being done happened on the farm, or the characterization of the work itself as farm labor if that may be done, is not controlling. Oliver v. Ernst, *supra*. Taking into consideration the entire relationship of the parties, we find the plaintiff was employed to assist in the operation of a hay grinder and perform whatever work the defendants contracted for in the operation of their separate business, and was not employed as a farm laborer within the meaning of the compensation law.

The defendant urges Keefover v. Vasey, *supra*, as controlling in this case. The same contention was made in Oliver v. Ernst, *supra*, and the same basic distinction pointed out in Oliver v. Ernst, *supra*, applies to this case. In Keefover v. Vasey, *supra*, five farmers operated a threshing machine primarily for their own use using the smallest type available. The plaintiff was injured while on a threshing job performed for one of the original partners as a part of the purchase price for his interest in the cooperative enterprise. The partners did not set up, design, or operate their enterprise for general threshing or commercial purposes. The threshing season is comparatively short, and the threshing they did for others was on an exchange labor basis or entirely casual and incidental in purpose as compared to the only primary object of their cooperative effort which was performance of their own threshing on their own farms.

In Oliver v. Ernst, *supra*, we followed Guse v. Wessels, *supra*, adopting the holding in the Minnesota case of Peterson v. Farmers State Bank, *supra*. The Minnesota Supreme Court in a later (1947) case passed upon

the precise question involved here. In Skreen v. Rauk, 224 Minn. 96, 27 N. W. 2d 869, it held: "An employe of a farmer engaged in threshing as a business, and not in doing his own threshing or in threshing for others casually or upon an exchange-work basis, is covered by the workmen's compensation act, § 176.01, subd. 13. Walker v. Wading, 180 Minn. 49, 230 N. W. 274; Charpentier v. Cumming, 178 Minn. 519, 227 N. W. 663."

There are other factual distinctions between the Keefover case and the case at bar that are apparent from a review of the facts therein stated, but it is unnecessary to review them herein. The judgment of the district court is correct and is affirmed. An attorney's fee of $250 for services in this court is allowed in favor of plaintiff to be taxed as costs against the defendants.

AFFIRMED.