MARTIN L. BROWN, APPELLEE, V. LEAVITT LANE FARM, APPELLANT.

340 N.W.2d 4

Filed November 4, 1983. No. 82-854.

Ray C. Simmons of Simmons & Schneider, P.C., for appellant.

M. H. Weinberg of Weinberg & Weinberg, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal by defendant employer from the decision of a three-judge panel of the Workmen's Compensation Court, which had reversed the judgment of a single-judge court. The three-judge panel held that plaintiff was entitled to workmen's compensation benefits as determined by the court.

Defendant appeals, alleging that the three-judge Workmen's Compensation Court erred in failing to hold that defendant was an employer of farm labor and plaintiff was a "farm laborer" within the exception of Neb. Rev. Stat. § 48-106(2) (Reissue 1978); in

holding that plaintiff's injuries arose out of his employment, when plaintiff was waiting for his paycheck and engaged only in nonauthorized helping of other employees; in holding that defendant had elected to be bound by the workmen's compensation law as to its entire farming operation by purchasing a policy of workmen's compensation insurance before October of 1979 on a separate nonfarm partnership operation with one employee; and in holding that defendant had not made an effective election to return to the status of not being covered by the workmen's compensation law by terminating the one employee in the nonfarm operation and terminating the compensation insurance, because defendant had failed to post a notice of its election as required by § 48-106(3).

For reasons hereinafter stated we reverse.

The three-judge panel found it was not necessary to determine whether defendant was an exempt employer of farm laborers for the reason that defendant had elected to be covered by the Workmen's Compensation Act. Appellee agrees with this approach, while appellant argues that it was an employer of farm laborers and that appellee was a farm laborer. We determine that the evidence is undisputed that appellant was primarily engaged in farming and was an employer of farm laborers.

As to appellee's status, when asked by his attorney as to what he did on the farm, appellee stated that he "cut weeds, fixed fence, and odds and ends, chased cows, a little painting, a little scraping paint, loaded sod." Appellee further testified that he ran a tractor in mowing sod and that the sod was cut and loaded as it was ordered by customers. At the time of the accident in question, appellee was helping other employees to build a corral to hold cattle. We determine that the evidence is undisputed that appellee was a farm laborer within the meaning of § 48-106(2).

The evidence further showed that on Saturday,

October 17, 1981, appellee reported for work. It was raining, and the ordinary procedure would have been for appellee to call to inquire if any work was available for him. Appellee's telephone was not working, however, and he actually went to the house of Paul Eveland, one of the partners in appellant partnership, to see if any work was available for him. Appellee was told there was no work. He then asked if he could get his paycheck, since wages were paid to the employees on Saturday, and Mr. Eveland agreed to make up appellee's check while appellee waited.

Appellee testified that he told Mr. Eveland he would "go over and help these guys until you get it done" and that Eveland said that would be "okay." The "guys" referred to were two other partnership employees who were digging postholes for a corral being built for the farm operation. Appellee did go to assist his coemployees and was injured almost immediately when his arm was caught in the auger of a posthole digger.

Appellant's testimony agreed fully with the facts concerning the accident itself. Mr. Eveland testified, however, that he had not ordered or authorized appellee to help the other employees. In this sort of a dispute in the evidence, the findings of the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. *Caradori v. Frontier Airlines*, 213 Neb. 513, 329 N.W.2d 865 (1983). We affirm the finding of the Workmen's Compensation Court that appellee was within the course of his employment because, although he was a volunteer, he was in the process of helping coemployees perform work for appellant, and the labor done by plaintiff in his good faith attempt to assist fellow employees was being done with the authorization of appellant. See, *Cook v. Bangor Hydro-Electric Co.*, 402 A.2d 64

(Maine 1979); *Aetna Cas & Surety v Duckham*, 89 Mich. App. 446, 280 N.W.2d 508 (1979).

For the purposes of this decision, then, we may assume that appellant is an employer of farm laborers and that appellee was injured while within the course of his employment as a farm laborer. The controlling error assigned by appellant is that the Workmen's Compensation Court erred in "[r]uling that defendant partnership had made an election to be bound by the Compensation Law as to defendant's farming operation employee because defendant had previous to October 1979 had in effect a policy of Workmen's Compensation insurance on a separate non-farm nutritional service with one employee." Brief for Appellant at 5.

Appellee meets this assignment of error head on by contending in his brief, "3. That the partnership known as Leavitt Lane Farm was a single business entity and was the employer under R. R. S. 48-114.

"4. That pursuant to R. R. S. 48-106 (2), the employer was a farm and as such was exempt but for its conclusive election to come under the Act by procuring insurance on some but not all of its employees." Brief for Appellee at 2.

The pertinent facts are undisputed on these questions, and are as follows. Appellant, Leavitt Lane Farm, is a partnership engaged primarily in raising row crops, alfalfa, cattle, and bluegrass. Appellant also operated a "little nutrition service which basically was selling nutrition products, feed, doing educational work in connection with selling these." The name of the business was EV Nutrition Service. The nutrition service had one employee who "drove a truck down the road selling and delivering the merchandise we were selling." This operation had nothing to do with the farm operation.

Appellant's partnership income tax returns for the years 1978 through 1981 showed gross farm income ranging from approximately $151,000 in 1979 to $342,000 in 1981. Its gross income is shown as com-

ing from the sale of cattle, soybeans, corn, other grains, alfalfa, and sod. This income is shown on the standard Schedule F ("Farm Income and Expenses") attached to the partnership returns for the same years.

Also shown as an attachment to the partnership return for each of the years is a Schedule C ("Profit or Loss From Business or Profession"). These schedules show that gross profits for this "business" ranged from $74,000 in 1978 to $16,439 in 1981. On the 1980 and 1981 Schedule C's, the "proprietor" is named as "EV Nutrition Service." On the 1978 Schedule C, the proprietor is "Leavitt Lane Farm" and the business name is "EV Nutrition Service," and on the 1979 Schedule C, the names cannot be read on the copies received in evidence.

Each Schedule C and Schedule F sets out separate deductions, and each showed a separate profit or loss. Each partnership return itself showed a "net farm profit or loss" reflecting the Schedule F, and "other income" reflecting the Schedule C.

Computerized accounting records received show monthly income and expense sheets for the farm operation, with separate summary sheets showing the income and expenses of EV Nutrition Service.

EV Nutrition Service had only one employee, who was terminated sometime before October 6, 1979. Appellant obtained workmen's compensation insurance on that employee at some indefinite time, and that compensation insurance expired on October 6, 1979. Since the employee had been terminated sometime before that date, the insurance was dropped. Paul Eveland, one of the partners, did all of the work thereafter.

The dispositive question, then, is whether one employer can operate two different businesses, one subject to the workmen's compensation law and one exempt, and obtain workmen's compensation insurance for the business which is subject to the law,

without by that act triggering the election of coverage provisions of §.48-106(3) as to both businesses.

We hold that an employer may do so. In *Kaplan v. Gaskill*, 108 Neb. 455, 460, 187 N.W. 943, 945 (1922), this court stated: "The act does not contemplate that a person can be engaged in only one regular business. . . . The compensation act was not intended to impose a charge upon the individual employer, but upon the industry or business or vocation in which he was engaged, on the theory that the industry could bear the loss resulting from personal injuries to its employees, and that the burden could be passed on to the patrons of that industry by charging up such losses to operating expense." In the statute in effect at that time, "employer" is defined essentially as that word is defined in § 48-106(1).

The converse of the situation presented in this case was present in *Campos v. Tomoi*, 175 Neb. 555, 122 N.W.2d 473 (1963). In *Campos* the court held that although the employers were generally farmers, when they operated as a partnership in a commercial-type hay grinding operation for other commercial cattle feeders in the area, for that operation the employers could not avail themselves of the farm labor exemption under the workmen's compensation law. In *Campos* the court cited 99 C.J.S. *Workmen's Compensation* § 33 at 193 (1958). It is there stated: "In accordance with the general rule . . . that an employer may be engaged in a number of separate businesses and occupations, some within the compensation act and some not, the fact that an employer is engaged in farming does not remove from the coverage of the statute another business or occupation carried on by the employer which is otherwise within the coverage of the statute, nor does it subject the farming business to the statute."

We hold that one employer may engage in two separate businesses, one subject to the workmen's compensation law and one exempt from that law,

and that the employer's actions with regard to the business which is subject to the workmen's compensation law do not affect the employer's business which is statutorily exempt from the compensation law. In the instant case appellant was engaged in a farming operation and in a separate business. Appellant's actions in obtaining workmen's compensation insurance coverage for the nutrition service and in letting that coverage lapse did not result in bringing appellant's farming business operation within the workmen's compensation law.

Appellee was injured in the course of employment with his employer in the farming business, which is exempt from the coverage of the workmen's compensation law, and the judgment in favor of appellee under the compensation law must be reversed.

In view of this determination we need not determine the other issues raised by appellant.

The judgment of the Workmen's Compensation Court is reversed and the cause remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS.