LESA LEPPERT, APPELLEE, V. VERNON PARKER, APPELLANT.

352 N.W.2d 180

Filed July 20, 1984. No. 83-876.

McQuillan & Spady, P.C., for appellant.

Leonard P. Vyhnalek of McCarthy, McCarthy & Vyhnalek, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

This case presents to the court the question of whether one who hires an individual to train horses on the employer's farm or ranch is an employer of farm or ranch laborers within the meaning of Neb. Rev. Stat. § 48-106(2) (Reissue 1978), so as to be exempt from the provisions of the Nebraska Workmen's Compensation Act. The Nebraska Workmen's Compensation Court, first by a single judge and then by a three-judge panel, ruled that the employer in this case was not exempt under the act, pursuant to the provisions of § 48-106(2), and was therefore liable to the employee injured in the course of the employee's work on the ranch. We believe that the result was in error, and for that reason we are required to reverse and dismiss.

The record discloses that the appellant, Vernon Parker, was a farmer and rancher, owning some 22 quarter sections of land in and around Perkins County, Nebraska. Parker grows sugar beets, corn, pinto beans, and alfalfa, and also raises cattle and horses. At the time of the accident incurred by the appellee, Lesa Leppert, Parker owned about 750 head of cattle and 50 to 55 horses. He employed 12 persons on his farm and had a manager over each of the various areas. The entire farm, however, was operated as a single unit.

One of the divisions of the farm was Parker Paint Farm. This was not a separate operation but, as Parker testified, a name used to advertise the farm. In July of 1980 Parker employed

Bruce Martin as manager of Parker's horse operation. Leppert was contacted by Martin when Martin started work for Parker, and she secured a job with Parker as a general farm and ranch laborer. Although Leppert argues she was hired as "an assistant horse trainer," the record is in conflict as to who attached the title to the job. Martin's duties included managing the breeding operation and overseeing the entire horse operation, and Leppert's duties in connection with her employment included cleaning of the stalls and the barns, grooming the horses, hauling hay, and assisting in training the horses and in any other operation where she was needed in connection with the farm and ranch. The record does disclose that Leppert attended Findlay College in Findlay, Ohio, for 2 years and received an associate degree in equestrian studies, although it appears that Parker did not know this fact when Leppert was hired, nor was the degree a condition of employment.

Leppert maintains that she was not a farm and ranch employee but, rather, was a horse trainer at the time of her injury, and the Workmen's Compensation Court agreed with her claim. Assuming, as we must, that the Workmen's Compensation Court's finding that Leppert was in fact a horse trainer is correct, see, *Gregg v. Challburg*, 217 Neb. 143, 347 N.W.2d 559 (1984), and *Doggett v. Brunswick Corp.*, 217 Neb. 166, 347 N.W.2d 877 (1984), a fact upon which we believe the evidence is extremely thin, we nevertheless must conclude that the exemption of § 48-106(2) applies and that Leppert is not covered by the act.

Section 48-106(2), in clear and unequivocal terms, provides in part as follows: "The following are declared not to be hazardous occupations and not within the provisions of this act: Employers of household domestic servants and employers of farm or ranch laborers, except as hereinafter provided . . . ." The exceptions are not relevant or material to this case.

Apparently, it was the view of the Workmen's Compensation Court that because Leppert "trained horses" she was not a ranch laborer within the meaning of § 48-106(2). It is difficult for us to conceive who could be more like a ranch laborer than one who works on a ranch and performs the duties performed by Leppert. If Leppert is not a ranch laborer, we have difficulty

imagining who would be. While it may be true that Leppert rode the horses on occasion and assisted in getting them ready for the various shows, her principal duties seem to be that of grooming the animals, feeding the animals, helping in breeding the animals, and cleaning the stalls. A rose by any other name is a rose, and a ranch laborer by any other name is a ranch laborer. Leppert has cited us to no authority, nor are we able to find any authority, to the effect that a "horse trainer" working exclusively on a ranch is not within the exemption of § 48-106(2).

One of the first cases where this court addressed the farm and ranch laborer exception is *Keefover v. Vasey*, 112 Neb. 424, 427, 199 N.W. 799, 800 (1924), wherein we said:

Our problem requires us to discover the intention of the legislature in the use of the four words "employers of farm laborers." Our attention has not been called to any statute making use of these precise terms. In Iowa the excluding words are, "farm or other laborer engaged in agricultural pursuits;" Minnesota, "farm laborers;" Utah, "agricultural laborers;" Idaho, "agricultural pursuits;" Michigan, "farm laborers;" Indiana, "farm or agricultural laborers," and "employers of such persons;" and New York, "farm laborers." It is worthy of note that in these other states the emphasis seems to be placed upon the exclusion of the laborer, while in this state it rests upon the exclusion of the employer of such labor. It would seem, therefore, that the legislature (composed to a large extent of farmers) by these words have pointed out a class which it intended to exclude from the law, which class consists exclusively, or nearly so, of farmers; and while the classification, as remarked by Schneider, Workmen's Compensation Law, sec. 31, quoted by plaintiff's counsel, "was perhaps based more on legislative expedience than on sound reason," still it is the law, and if there is any question as to the propriety of the classification, that question is not now before us.

In the recent case of *Brown v. Leavitt Lane Farm*, 215 Neb. 522, 340 N.W.2d 4 (1983), we recognized that one may be engaged in both a farm operation exempted under the act and in a nonfarm operation covered by the act; however, the evidence in

this case does not support that distinction.

In *Campos v. Tomoi*, 175 Neb. 555, 557, 122 N.W.2d 473, 474 (1963), we said: "There is considerable confusion and diversity of opinion in the cases construing factual situations arising under the applicable provisions of the Workmen's Compensation Act and the principles applicable thereto." A review of the cases decided in Nebraska fails to indicate any singular overriding approach used by this court in determining the applicability of the farm and ranch laborer exception. Instead, there really is an examination on a case-by-case basis of the facts in each particular instance. Within that examination, the court will review "[t]he place where the work is being performed, the nature of the task the employee is performing at the time, the purposes for which he was hired, and the nature of the employer's occupation . . . ." *Id*. at 557, 122 N.W.2d at 474-75. It is clear from both the statute and the cases that it is the nature of the employer's business which determines the exemption, and not the work performed by the employee.

Parker was first, last, and always the operator of a farm and ranch. If 22 *quarter sections* of land devoted to growing sugar beets, corn, pinto beans, and alfalfa, and raising 750 head of cattle and 50 horses, do not qualify as a "farm or ranch," nothing, it would seem, could fall within the definition. Parker was clearly the operator of a farm and ranch, and Leppert, as his employee, was an employee of one operating a farm or ranch. There is simply no way to suggest that Parker was not a farmer and rancher or that Leppert was not an employee of one engaged in the farming and ranching operation. Had the animals involved all been cattle instead of horses, perhaps the matter would have been obvious. One may be a carpenter doing work on a farm and, because of the nature of the employer's business, be covered under the act; while one employed by the owner of a farm or ranch who repairs sheds, buildings, or fences on a full-time basis on the farm or ranch is exempted under the provisions of § 48-106(2). See, *Guse v. Wessels*, 132 Neb. 41, 270 N.W. 665 (1937); *Oliver v. Ernst*, 148 Neb. 465, 27 N.W.2d 622 (1947); *Keith v. Wilson*, 165 Neb. 58, 84 N.W.2d 192 (1957); *Keefover v. Vasey*, 112 Neb. 424, 199 N.W. 799 (1924). The same thing applies, we believe, to Leppert's employment, re-

gardless of what title may be given to it.

While we would be inclined to agree with arguments made to this court that the statement contained in § 48-106(2) to the effect that farm or ranch labor is not a hazardous occupation is patently silly, and while we would agree that subjecting someone to the likelihood of being kicked in the knee by a horse or being pulled into a combine is as hazardous as any office work covered by the act, nevertheless, the Legislature, which has absolute control in this matter, has made such a classification, and absent a determination by this court that the classification violates the Nebraska Constitution, we are compelled to apply the law as written.

We therefore believe that the evidence overwhelmingly establishes that Vernon Parker was an employer of farm and ranch laborers, and Leppert was, at the time of her accident, a farm and ranch employee of Parker and not covered by the Workmen's Compensation Act. For this reason the decision of the compensation court must be reversed and the petition dismissed. Having thus disposed of this matter, we need not consider any of the other issues raised by this appeal.

REVERSED AND DISMISSED.