DWIGHT BARTUNEK, APPELLEE, V. KIM BECKER, DOING BUSINESS AS BECKER BODY SHOP, APPELLANT.

382 N.W.2d 300

Filed February 28, 1986.    No. 85-574.

Ted S. Griess, for appellant.

Denzel R. Busick of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and GRANT, JJ., and BUCKLEY, D.J.

KRIVOSHA, C.J.

This appeal presents the question of whether an employee injured while working in an auto body shop is barred from recovery under the Nebraska workmen's compensation law because the body shop is located upon a farm site and the injured employee works both for the body shop and as a farmhand. On rehearing before three members of the Workmen's Compensation Court, the initial order of dismissal entered by a single judge of the Workmen's Compensation Court was reversed, and the three-judge panel found that the employee, Dwight Bartunek, had sustained an injury arising out of and in the course of his employment, for which he was entitled to compensation. In effect, the Workmen's Compensation Court further found that at the time of the injury Bartunek was not a farm laborer and therefore was not barred from recovery by reason of the provisions of Neb. Rev. Stat. § 48-106(2) (Reissue 1984). We believe that the three-judge panel was correct, and we affirm.

The three-judge panel found the following to be the facts. The appellant, Kim Becker, doing business as Becker Body Shop, owns and operates a body shop business located on a farm site in which Kim Becker and his father, Walter Becker, have an interest. The father coordinates the farming operations but has no interest in the body shop. The father does not charge the son any rental for the body shop's being located upon the farm site, nor does he in any way attempt to give directions

regarding its operations. None of the employees of the father work in the body shop, although employees of the body shop work on the farm when so directed. The three-judge panel further found that Bartunek was employed by the son to work in the body shop but had worked on the farm in the harvests of 1982 and 1983. After the 1983 harvest was completed Bartunek worked in the body shop, returning to the fields in April of 1984. He nonetheless continued to work in the body shop when the weather was inclement. The three-judge panel further found that regardless of where Bartunek worked, most of his wages were paid from the body shop. The evidence indicates that the father and son maintain separate checking accounts, one for the farm business and one for the body shop, the latter in which the father has no interest.

On May 22, 1984, wet conditions prevented Bartunek from doing fieldwork, and as a consequence he was assigned by Kim Becker to work in the body shop. While assisting with putting fenders on a customer's car in the body shop, at the direction of Kim Becker, Bartunek sustained a back injury. As we have already indicated, the single question presented to us is whether Bartunek was covered by the workmen's compensation law of Nebraska or, by reason of the fact that he performed both covered work in the body shop and exempt work in the field, was not entitled to compensation for his injuries sustained while working in the body shop.

In beginning our analysis of this matter, we must keep in mind that findings of the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. *Brown v. Leavitt Lane Farm,* 215 Neb. 522, 340 N.W.2d 4 (1983). While it is true that § 48-106(2) generally exempts from workmen's compensation law "employers of farm or ranch laborers," the sole fact that one may be an employer of farm or ranch laborers does not answer the question. In *Leppert v. Parker,* 218 Neb. 63, 67, 352 N.W.2d 180, 182 (1984), we said: "It is clear from both the statute and the cases that it is the nature of the employer's business which determines the exemption, and not the work performed by the employee."

The question, then, turns on the nature of Kim Becker's

business. It appears to us that he is engaged in two businesses, one a farming operation which is exempt under the law and the other an auto body shop which is not exempt. That an employer may be engaged in two businesses is not unique or unheard of in the law. It has long been recognized in this jurisdiction. In *Kaplan v. Gaskill*, 108 Neb. 455, 459-60, 187 N.W. 943, 945 (1922), we said:

> The fact that the employer, in this instance, was engaged in the business of buying and selling junk and in dealing in second-hand automobiles has no controlling influence upon the question of whether or not he was engaged in the regular business or vocation of renting houses. The act does not contemplate that a person can be engaged in only one regular business. He may be engaged in several. The question, then, of whether or not he was engaged in a regular business occupation in the holding and handling of the properties in question, and whether or not the employee was engaged in the usual course of the duties which were within the scope of that business, must be determined entirely aside from the question of whether or not the employer was engaged in any other kind or nature of business, as well as aside from the question of whether the employment was casual.

(Emphasis omitted.)

Moreover, we have recognized that it is not uncommon or strange for one to be engaged in both a farming operation exempt under the law and a nonfarming operation covered by the law. In *Campos v. Tomoi*, 175 Neb. 555, 557, 122 N.W.2d 473, 475 (1963), we specifically said: "The fact that the employer or employers are engaged in farming does not remove from the coverage of the statute other businesses or occupations carried on by the employer which are otherwise in the coverage of the statute." In *Campos, supra*, the employer was generally engaged in the farming industry but also conducted a hay-grinding business. When the employee was injured while operating the hay grinder, we found without difficulty that he was covered under the Workmen's Compensation Act and entitled to compensation. And, recently, in the case of *Brown v. Leavitt Lane Farm, supra*, we again reaffirmed our stand that

one may be engaged in more than one business, saying at 527, 340 N.W.2d at 8:

"In accordance with the general rule . . . that an employer may be engaged in a number of separate businesses and occupations, some within the compensation act and some not, the fact that an employer is engaged in farming does not remove from the coverage of the statute another business or occupation carried on by the employer which is otherwise within the coverage of the statute, nor does it subject the farming business to the statute."

We concluded in *Brown, supra* at 527-28, 340 N.W.2d at 8:

We hold that one employer may engage in two separate businesses, one subject to the workmen's compensation law and one exempt from that law, and that the employer's actions with regard to the business which is subject to the workmen's compensation law do not affect the employer's business which is statutorily exempt from the compensation law.

In the instant case the reverse must be true.

There can be little or no question that if this injury had occurred in town, everyone would acknowledge that the auto body shop was an industry covered under the workmen's compensation law of Nebraska. That it was located on the farm does not change that position. Bartunek, an employee of the body shop, was injured while working in the body shop. The fact that he was also compensated for doing farm labor which was exempted from the act does not change the coverage. The three-judge panel was correct in its findings, and its judgment must be affirmed. Appellee is awarded the sum of $1,000 for the services of his attorney in this court.

AFFIRMED.