Sherlock v. Sherlock.

---

PETER W. SHERLOCK, JR., APPELLEE, V. PETER W. SHER-
LOCK, SR.: RICHARDSON DRUG COMPANY, APPELLANT.

FILED DECEMBER 29, 1924. No. 24193.

1. Master and Servant: WORKMEN'S COMPENSATION LAW. The terms "any scheme, artifice or device," as used in the workmen's compensation law in connection with the creation of a liability to injured workmen for compensation, do not necessarily imply active fraud or evil design.

2. ——: ——: LIABILITY. A corporation amenable to the workmen's compensation law may create a liability for the compensation of an injured workman employed by an independent contractor whose agreement obligates him to protect the corpora-

tion from liability for injuries to workmen, where such contractor is not required to procure · insurance for the protection of his employees.

3. ———: ———: "Employee." In the workmen's compensation law the provision that the word "employee" shall not be construed to include "any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his employer," means conjunctively both casual employment and usual course of trade.

4. ———: ———: Usual Course of Business. Painting the outside of a five-story brick building owned and used by a corporation in conducting therein a wholesale drug business may be work performed "in the usual course of the trade, business, profession or occupation" of such corporation, within the meaning of the workmen's compensation law.

Appeal from the district court for Douglas county: William G. Hastings, Judge. *Affirmed.*

*Kennedy, Holland, De Lacy & McLaughlin,* for appellant.

*Robert A. Nelson* and *W. H. Herdman,* contra.

Heard before Morrissey, C. J., Letton, Rose, Dean, Good and Thompson, JJ.

Rose, J.

This is a proceeding under the workmen's compensation law. The name of plaintiff, an injured employee seeking compensation, is Peter W. Sherlock, Junior. There are two defendants. The name of one of them is Peter W. Sherlock, Senior, the father of the plaintiff. The other defendant is the Richardson Drug Company, a corporation engaged in the wholesale drug business. In conducting that enterprise it owns, occupies and uses a five-story brick building at Ninth and Jackson streets, Omaha. Defendant Sherlock, as an independent contractor, June 29, 1923, agreed with the corporation to paint exterior parts of its building for $135 and to hold it harmless in the event of an accident to himself or to any of his employees. In contemplation of the painting the corporation in letting the con-

tract did not obtain insurance for the protection of injured workmen nor require defendant Sherlock to do so.  He did not procure insurance for that purpose but employed plaintiff as a painter at $29.70 a week.  While the latter was at work in that capacity on the exterior of the building, the staging under him gave way.  In the resulting fall he was severely injured.  In a proceeding before the compensation commissioner both defendants were held liable to plaintiff for $15 a week.  From the award therefor the corporation alone appealed.  In the district court the defenses may be summarized as follows:  The corporation was not the employer of plaintiff.  He was employed by defendant Sherlock, an independent contractor.  The painting on the outside of the building was not done in' the usual course of the corporation's business.  Plaintiff was not an employee of the corporation within the meaning of the compensation law.  Upon a trial of the issues in the district court judgment was rendered against both defendants in favor of plaintiff for compensation of $15 a week, and'an attorney's fee of $250.  The corporation again appealed.

There is no conflict in the evidence.  On the facts outlined, is plaintiff entitled to compensation from the corporation?  The solution is not free from difficulties and in some respects judicial opinion is not harmonious.  The decision depends on the meaning of the workmen's compensation law when applied to the undisputed facts.

While defendant Sherlock was an independent contractor and the corporation did not directly employ plaintiff, the statute seems to create a liability for compensation for a failure to procure insurance for the protection of workmen.  Among the provisions of the workmen's compensation act are the following:

"Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this article, shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation

herein provided for and be subject to all the provisions of this article. This section, however, shall not be so construed as to cover or mean an owner who lets a contract to a contractor in good faith, or a contractor who, in good faith, lets to a subcontractor a portion of his contract, if the owner or principal contractor, as the case may be, requires the contractor or sub-contractor, respectively, to procure a policy or policies of insurance from an insurance company licensed to make such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to this article to injured workmen." Comp. St. 1922, sec. 3039.

The terms, "any scheme, artifice or device," as they are thus used, do not necessarily imply active fraud or evil design. Any one resorting to such means under the circumstances described in the legislation on this subject may be included within the term "employer." Defendant Sherlock and the corporation meant to release the latter from liability for compensation of a painter, if injured while at work on the exterior of the building. The independent contract imposed upon defendant Sherlock the following obligation:

"I agree to hold the Richardson Drug Co. harmless in case of any accident to myself or employees."

This may fairly be considered a "device" within the meaning of the workmen's compensation law, if the corporation disregarded a statutory duty to require its independent contractor to procure compensation insurance.

In its regular trade or business as a wholesale druggist the corporation is an employer and as such is amenable to the workmen's compensation law. Comp. St. 1922, secs. 3029, 3037, 3038. The act, however, in defining the word "employee" for the purposes of the legislation, declares:

"It shall not be construed to include any person whose employment is casual, and which is not in the usual course of the trade, business, profession or occupation of his employer." Comp. St. 1922, sec. 3038.

The disjunctive "or" formerly separated the two condi-

tions, "casual" and "not in the usual course," but by amendment they are now united by the conjunction "and." Either condition was a defense before the statute was changed. *Kaplan v. Gaskill,* 108 Neb. 455; *Petrow & Giannou v. Shewan,* 108 Neb. 466. Since the adoption of the amendment both must be shown. *Nebraska National Guard v. Morgan, ante,* p. 432.

To escape liability under the statutory definition of "employee," therefore, it is now incumbent on the corporation to show both conditions—casual employment and not in the usual course of trade or business. Nor is it enough to prove the letting of the independent contract, if plaintiff performed his services as workman "in the usual course of the trade, business, profession or occupation" of the corporation. In that contingency the duty to require defendant Sherlock to procure compensation insurance still remained. In this connection the corporation asserts that the requirement for insurance is inapplicable, because, as it is argued, the outside painting was not done in the usual course of the wholesale drug business. The contrary seems to be the better view, though the question is debatable. The building is property of the corporation and is used for corporate purposes. Capital of the corporation is invested in the building and the expense of repairing it is payable from the corporate funds. The building is used for offices, storage and other general purposes of the wholesale drug business. It is property used legitimately in conducting the enterprise in which the corporation is engaged. The workmen's compensation law does not separate it from the stock of drugs for the purpose of determining what is done in the usual course of trade. Plaintiff, when injured while painting, had he been employed directly by the corporation, would have been a person whose employment was "in the usual course of the trade, business, profession or occupation of his employer." Casual employment or employment by an independent contractor, outside of such "trade, business, profession or occupation," would present a different question. Under a liberal construction of the

workmen's compensation law, the work in which plaintiff was engaged when injured was performed "in the usual course of the trade, business, profession or occupation" of the corporation. In that situation it failed to require defendant Sherlock to procure insurance for plaintiff's protection, and joined the independent contractor in a device to escape liability for compensation to the injured workman. Within the meaning of the law both defendants are liable to plaintiff for compensation. It follows that there is no error in the record. Counsel for plaintiff are allowed a fee of $250 for their services in the supreme court.

                                        AFFIRMED.

LETTON, J., dissents.