JOHN VOYCHESKE, APPELLANT, v. D. E. (FRITZ) OSBORN, DOING BUSINESS AS IGA STORE, HAYS SPRINGS, NEBRASKA, ET AL., APPELLEES.

244 N. W. 2d 74

Filed July 14, 1976. No. 40484.

Fisher & Fisher, for appellant.

Crites, Shaffer & Slavik, for appellee Osborn.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

The plaintiff, John Voycheske, filed an action in the Nebraska Workmen's Compensation Court on December 18, 1974, to recover benefits for injuries allegedly sustained by him on July 23, 1974, while working for D. E. (Fritz) Osborn, doing business as IGA Store, Hays Springs, Nebraska. The case was first heard before a one judge compensation court, which, on May 7, 1975, entered an order dismissing plaintiff's petition on the ground that plaintiff had failed to maintain his burden of proving that he was an employee of the defendant; and finding that plaintiff was an independent contractor and did not come within the provisions of the Nebraska Workmen's Compensation Act. A rehearing was held before a three judge workmen's compensation court, sitting en banc, which court, on August 5, 1975, affirmed the order of dismissal previously entered by the one judge court, and again dismissed plaintiff's petition on the grounds previously stated. Plaintiff then appealed to the District Court for Sheridan County, which, following a hearing, entered an order on November 12, 1975, affirming the order of the Nebraska Workmen's Compen-

sation Court and dismissing the case. Plaintiff has now appealed to this court. We affirm.

The facts of this case are that Voycheske, who in his testimony characterized himself as a maintenance employee of D. E. "Fritz" Osborn, broke his leg on July 23, 1974, when he tripped over a pipe after stepping off a ladder used in installing an incinerator back of Osborn's IGA Store. According to Osborn, Voycheske had done all Osborn's "maintenance" work since 1949. The "maintenance" work was generally more complicated than cleanup or odd jobs, and seems to have been in the field of construction, building, and repairing. Among other things, Voycheske repaired the elevator, installed gutters, hung tracks for overhead cranes, and installed a scale in the butchering room of the store. Aside from a minor repair job on the store door, Voycheske's last job with Osborn was completed in September 1972.

Voycheske set his own wages, submitting charges on an hourly basis at the end of a job. Sometimes the amount due him would be applied to his bill at Osborn's grocery store. Osborn did not withhold social security taxes for Voycheske, but Osborn explained this omission as being due to his belief that all maintenance jobs were excluded from social security requirements.

Osborn supplied the materials for the incinerator installation, but Voycheske occasionally would pick up some items not available locally and charge Osborn for them on his bill. Voycheske supplied his own tools, and also set his own hours, working when the weather was cool. Voycheske testified that Osborn would tell him what he wanted done, the location and the purpose, leaving him free to do the work as he saw fit. If problems arose, or Voycheske needed or had suggestions, he would consult with Osborn. Osborn stated that he told Voycheske what he "wanted and he done the job," because "no better than I am at building, there's no use at me supervising." He reiterated that he could not tell Voycheske anything about the actual construction of the

incinerator, but just told him to build it. Voycheske worked for Osborn on a job-by-job basis, waiting to be contacted by Osborn for specific repair work. He also sporadically worked on other jobs between jobs at Osborn's.

Under the Nebraska Workmen's Compensation Act, the determination of a claimant's status as an employee or as an independent contractor involves an evaluation of all the facts of each case in light of various criteria, each shedding some light on the nature of the relationship between the parties. There is no single test by which that determination can be made. Bohy v. Pfister Hybrid Co., 179 Neb. 337, 138 N. W. 2d 23 (1965). The burden is on the plaintiff to prove that he was an employee at the time of the accident. Snodgrass v. City of Holdrege, 166 Neb. 329, 89 N. W. 2d 66 (1958).

This court has said that an independent contractor is generally distinguished from an employee in that the contractor performs according to his own method, and is not subject to the employer's control except as to the results of the work. Snodgrass v. City of Holdrege, *supra*; Petrow & Giannou v. Shewan, 108 Neb. 466, 187 N .W. 940 (1922). The employer, however, has the right to give directions necessary to insure compliance with the contract. In order to be considered an independent contractor it is generally necessary that he has contracted to do a specific job, although not necessarily for a specific price, and has retained the right to control the means of doing the job. Petrow & Giannou v. Shewan, *supra;* Peterson v. Christenson, 141 Neb. 151, 3 N. W. 2d 204 (1942).

That the worker supplies his own materials and tools may be indicative of contractor status. Riggins v. Lincoln Tent & Awning Co., 143 Neb. 893, 11 N. W. 2d 810 (1943). See, however, Schneider v. Village of Shickley, 156 Neb. 683, 57 N. W. 2d 527 (1953). The power to determine the hours of work and details of his working conditions may also be indicia of independent contractor

status. Bohy v. Pfister Hybrid Co., *supra*. But, see, Schneider v. Village of Shickley, *supra*.

If the contract requires the personal services of the party to the contract, he may be considered an employee. Barrett v. Selden-Breck Constr. Co., 103 Neb. 850, 174 N. W. 866 (1919). The deduction of social security taxes may tend to show that a claimant was an employee rather than an independent contractor, and the failure to do so may indicate the contrary. Riggins v. Lincoln Tent & Awning Co., *supra*. The power of either party to terminate the relationship at will may also indicate that the workman is an employee. Schneider v. Village of Shickley, *supra*. Other relevant considerations are whether the worker is engaged in a distinct occupation, whether the work is usually done without supervision, the skill required, the method of payment, and the length of employment. Nollett v. Holland Lumber Co., 141 Neb. 538, 4 N. W. 2d 554 (1942); Snodgrass v. City of Holdrege, *supra;* Petrow & Giannou v. Shewan, *supra*.

The facts support a finding that Voycheske was an independent contractor. Osborn exercised control over the end result of the contract, giving advice and directions only to insure that the contract's objects would be fulfilled. The methods of construction were in control of Voycheske, who also set his own hours and wages, and who was employed only on a job-by-job basis as his services were required. There was no standing agreement between Voycheske and Osborn that Voycheske give preferential service to Osborn's store or that Voycheske handle all the building and repair work at the store, which might have bolstered his claim of employee status. See e.g., Schneider v. Village of Shickley, *supra*; Cole v. Minnick, 123 Neb. 871, 244 N. W. 785 (1932); 1A Larson, Workmen's Compensation Law, § 45.31(a), p. 8-111. While the record does contain some indicia supporting Voycheske's claim of the status of an employee, such as, for example, the hourly wage basis, Osborn's supplying of materials, the apparent right to

terminate the relationship at will, nevertheless, as a whole, it preponderates in favor of the conclusion that Voycheske was an independent contractor.

On the appeal of a workmen's compensation case to the Supreme Court, the applicable standard of review is that if there is reasonable competent evidence to support findings of fact in the trial court, the judgment, order, or award will not be modified for insufficiency of the evidence. The cause will be considered de novo in this court only where the findings of fact are not supported by the evidence as disclosed by the record. Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285 (1971).

We wish to call attention, however, to a recent statutory change in the appeal procedure to this court from judgments of the Nebraska Workmen's Compensation Court after rehearing. Under the new procedure, appeals are no longer taken from the compensation court to the District Court, but are taken directly to the Supreme Court. Under section 48-185, R. S. Supp., 1975, effective August 24, 1975, there is no provision for a de novo review in this court, as under the previous statute. Further, section 48-185 now provides: "The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside *only* upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) *there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award,* or (4) the findings of fact by the court do not support the order or award." (Emphasis supplied.) While the provisions of the new procedure contained in the amendment above referred to are clearly not applicable to this case because of section 48-182.01, R. S. Supp., 1975, there is little doubt

that the result would be the same. There is no doubt that under the test of either Gifford v. Ag Lime, Sand & Gravel Co., *supra*, or the new statute, there is "reasonable competent evidence" in the record to support the action of the District Court affirming the dismissal of the case by the Workmen's Compensation Court on the ground that plaintiff did not sustain his burden of proof that he was an employee, and finding on the contrary that he was an independent contractor. We affirm the judgment of the District Court.

AFFIRMED.