JACOB WILLIAMS, APPELLANT, V.
WILLIAMS JANITORIAL SERVICE AND
AETNA INSURANCE COMPANY, APPELLEES.

299 N.W.2d 160

Filed November 21, 1980. No. 43289.

Jacob Williams, pro se.

Patrick B. Donahue of Cassem, Tierney, Adams, Gotch & Douglas for appellees.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and BLUE and CAPORALE, District Judges.

BLUE, District Judge.

On July 26, 1978, plaintiff was washing a skylight at Millard High School in Omaha, Nebraska, at which time he fell from the roof and received injuries to his legs.

As a result of this accident, the plaintiff filed an action in the Nebraska Workmen's Compensation Court against Williams Janitorial Service and Aetna Insurance Company, alleging that he was an employee of Williams Janitorial Service, and praying for benefits under the workmen's compensation act. Aetna is a workmen's compensation carrier for Williams Janitorial Service.

Defendants answered, alleging that Aetna issued a workmen's compensation policy to Jacob Williams, doing business as Williams Janitorial Service, and the plaintiff is not entitled to compensation benefits for the reason that plaintiff was an employer and not an employee of Williams Janitorial Service.

At a hearing before a single judge in the compensation court, in which the plaintiff claimed that his wife, Doris Jean Williams, was the owner of Williams Janitorial Service, and that he was an employee at the time of the accident, it was found that the plaintiff was not an employee at the time of the accident, and the petition was dismissed. Upon a rehearing by the full compensation court, it was again found that the plaintiff was not an employee and the plaintiff's petition was again dismissed.

The record shows that Williams Janitorial Service is in the business of cleaning newly constructed buildings prior to their occupancy. This business was started in 1975 by Doris Jean Williams, with about five employees. Williams Janitorial Service was never incorporated and there is no ownership of the business outside of the Williams family. Plaintiff apparently became involved with the Williams Janitorial Service

in the last part of 1976, after leaving his job at a packing plant.

Plaintiff purchased workmen's compensation insurance for Williams Janitorial Service, and was the only person that handled all of the insurance policies and bonds on behalf of Williams Janitorial Service. The insurance policy issued by Aetna was in the name of Jacob Williams, doing business as Williams Janitorial Service. Plaintiff applied for all of the bonds of Williams Janitorial Service, which listed plaintiff as owner of Williams Janitorial Service. Plaintiff's insurance agent, John Bush, testified that plaintiff never objected to the plaintiff's name being listed as owner on all of the insurance policies and bonds. Shortly after Williams Janitorial Service was started, plaintiff discussed operating procedures and the method of payment with his wife. Both plaintiff and his wife testified that, at that time, plaintiff advised his wife to change the method of payments so that Williams Janitorial Service would be more profitable. The testimony was uncontradicted that plaintiff did virtually all the bidding and estimates for Williams Janitorial Service, and worked on the scene with the general contractor. Plaintiff, as well as his wife, did the actual cleaning work from time to time. However, plaintiff did the actual cleaning work only when he felt like it and when he felt that the job was good enough. The evidence was uncontradicted that plaintiff never received an hourly salary, but rather, received about 40 percent of the profit for the jobs that he actually worked on. Both plaintiff and his wife testified that no directions were given to plaintiff for any of the actual work that he did on the jobsites. The checking account in the name of Williams Janitorial Service was used by both plaintiff and his wife. Plaintiff's insurance agent, John Bush, testified that he was required to send a form from Aetna to the plaintiff for completion, calling for all the names of employees of Williams Janitorial Service. This form was later re-

turned to Mr. Bush by plaintiff and did not contain plaintiff's name. All of plaintiff's tax returns indicate that plaintiff considered himself self-employed for purposes of tax returns. From 1976 to 1978, plaintiff repeatedly filed a social security self-employment tax form. In addition to all of the above, plaintiff consistently held himself out as owner of Williams Janitorial Service and a self-employed person to the general contractors, insurance companies, insurance agent, Internal Revenue Service, and even to St. Joseph's Hospital where he was taken following his accident.

Only an employee is entitled to workmen's compensation benefits. Neb. Rev. Stat. § 48-101 (Reissue 1978) states: "When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury." Neb. Rev. Stat. § 48-115 (Reissue 1978) states, in part: "The terms employee and workman are used interchangeably and have the same meaning throughout this act. The said terms . . . shall be construed to mean: . . . Every person in the service of an employer who is engaged in any trade, occupation, business, or profession as described in section 48-106, under any contract of hire, expressed or implied, oral or written . . . ."

Under the Nebraska workmen's compensation act, the determination of a claimant's status as an employee involves an evaluation of the facts of each case. *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979); *Voycheske v. Osborn*, 196 Neb. 510, 244 N.W.2d 74 (1976). The burden of proof is upon the employee to prove the nature of the relationship. *Stephens v. Celeryvale, supra; Voycheske v. Osborn, supra.*

The issue upon appeal, whether or not the plaintiff was an employee, is a question of fact. The standard

of review governing factual determinations of the Workmen's Compensation Court is governed by the relevant portion of Neb. Rev. Stat. § 48-185 (Reissue 1978), which provides: "The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case." That statute also limits the grounds of reversal to four which include: "(3) [T]here is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award . . . ."

In applying this statute, we have held the findings of fact made by the Workmen's Compensation Court on rehearing will not be set aside on appeal unless clearly wrong. *Wolfe v. American Community Stores*, 205 Neb. 763, 290 N.W.2d 195 (1980).

The finding of fact by the compensation court that plaintiff was not an employee at the time of the accident is supported by sufficient competent evidence, and the judgment must be affirmed.

AFFIRMED.