JAY J. SULLIVAN, APPELLEE, V.
JANET HAJNY, CLAY COUNTY CLERK, ET AL., APPELLEES,
STATE OF NEBRASKA, INTERVENOR-APPELLANT.

315 N.W.2d 443

Filed January 29, 1982. No. 43658.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellant.

Dan Baird and Jay J. Sullivan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ., and RONIN, Retired District Judge.

HASTINGS, J.

The plaintiff, Jay J. Sullivan, an attorney and an appointed member of the Clay County Mental Health Board, filed a petition seeking a declaratory judgment that, as such board member, he is not an employee of Clay County, Nebraska, and therefore should not have had social security deductions made from the warrant drawn for his services. The State of Nebraska was

allowed to intervene in this action in light of its potential liability for the filing of incorrect reports with the Social Security Administration. The District Court found in favor of the plaintiff, ordering that the plaintiff and all other members of the board of mental health are not employees so as to require the withholding of social security tax from payments made for their services. The State of Nebraska has appealed without assignments of error, except to argue that the District Court's decision was wrong. We reverse.

The case was tried on a written stipulation of facts. As a part of that stipulation, it was agreed that the plaintiff had been appointed to serve as a member of the Clay County Mental Health Board by a district judge of that county, under the provisions of Neb. Rev. Stat. §§ 83-1001 to 83-1078 (Reissue 1976); that the Clay County authorities determined that the plaintiff was in fact an employee and did withhold for social security purposes the amount of $10.80 from its warrant dated April 2, 1980, issued to the plaintiff for his services; that the Clay County Board of Supervisors did not hire the plaintiff, exercise no control over his actions, including the amount of time spent by the board of mental health in its deliberations, nor do they set the hourly rate at which the plaintiff or his fellow board members are paid for their services. Section 83-1018 empowers the presiding judge of the District Court to appoint the members of the mental health board for a fixed term of years. Neb. Rev. Stat. § 83-337 (Reissue 1976) directs that such members shall be allowed compensation at an hourly rate to be determined by the district judge.

The dispute in this matter centers on Clay County's attempt to administer the federal Social Security Act in accordance with Neb. Rev. Stat. §§ 68-601 et seq. (Reissue 1976). This act establishes a statewide policy to the effect that "such steps be taken as to provide such protection to employees of the State of Nebraska and its political subdivisions on as broad a basis as is permitted

under the Social Security Act." § 68-601(1). The question then becomes whether members of mental health boards are "employees" of the state or a political subdivision thereof. No definition of "employee" is provided in the Nebraska statutes other than a statement in § 68-602(3) that "Employee shall include an officer of the state or a political subdivision thereof."

The board has been created by the provisions of § 83-1017. "There is hereby created a mental health board for each county in Nebraska. The board shall have the power to issue subpoenas, to administer oaths, and to do any act necessary and proper for the board to carry out its duties." We have previously indicated how the board members are appointed and paid. Each board member is required to take an oath. "Before entering upon the duties of their office, the members of the mental health board shall take and subscribe an oath or affirmation to support the Constitution of the United States and the Constitution of the State of Nebraska, and to faithfully discharge their duties according to law." Neb. Rev. Stat. § 83-318 (Reissue 1976). Chapter 83, article 10, then sets forth in detail the various procedures which the boards of mental health shall follow in carrying out their duties. The board may issue a warrant commanding the sheriff to take the subject into custody. § 83-1028. A summons giving the subject written notice of the time and place of hearing shall be issued on order of the board. § 83-1048. The board shall select the time and place for hearing and is required to close all sessions to the public unless the subject requests otherwise. § 83-1055. At the time of the final hearing, the board shall determine whether there is clear and convincing proof that the subject is a mentally ill dangerous person and, if so, whether less restrictive alternatives for treatment are available. § 83-1035. If the board finds that the evidence is insufficient, the subject shall be discharged. § 83-1036. Otherwise, the board shall make a determination of the treatment and disposition of the subject which is

warranted under the evidence in the case and enter an appropriate order to that effect. §§ 83-1037 to 83-1046. If the subject is found to be indigent, the board shall certify that fact to the district or county court for appointment of counsel. § 83-1049.

Although Sullivan may very well be considered to be an employee under the reasoning of *State of Nebraska v. Finch*, 339 F. Supp. 528 (D. Neb. 1972), we believe that clearly he is "an officer of the state or a political subdivision thereof." § 68-602(3).

"Members of state boards and commissions are generally regarded as public officers." 63 Am. Jur. 2d *Public Officers and Employees* § 22 at 640-41 (1972). Although admittedly constituting dicta as far as the particular point with which we are here concerned, we believe that the following language from *Morrill County v. Bliss*, 125 Neb. 97, 106-07, 249 N.W. 98, 102 (1933), is instructive: "The defendant Bliss was, during a part of the time involved in this case, secretary of the department of trade and commerce of the state of Nebraska, and, as such, an *ex officio* member of the guaranty fund commission. The other defendants were either members of the commission or its agents. The defendants were public officers of the state of Nebraska or their employees. . . . The commission was created by law and appointments to it were made by the governor with the consent of the senate. They were required to take the oath required of county officers, give bond for faithful performance of the duties, and an assessment was levied upon state banks under the police power to pay the expenses and compensation of the commission."

A case widely cited in defining a state officer is *State of Florida ex rel. Clyatt v. Hocker, Judge*, 39 Fla. 477, 22 So. 721 (1897). It has been quoted with approval by the Supreme Court of the State of Florida on many occasions, most recently in *Murphy v. Mack*, 358 So. 2d 822 (Fla. 1978). At issue in *Hocker* was the status of members of the state board of legal examiners, created

by the Legislature and appointed by the Supreme Court. The question presented was whether such legislation violated a constitutional provision which required that all state officers be either appointed by the Governor or elected by the people. In declaring the legislative act unconstitutional because the examiners were indeed state officers, the Florida court spoke in the following terms at 487, 22 So. at 723: "The act in question makes the Board of Legal Examiners created by it the sole and exclusive instrument by and through which this highly important and delicate governmental power is to be exercised, and thereby confers upon them the exercise of governmental functions. The duties it prescribes for them are lasting and continuous, and not merely casual, temporary or incidental, but the place and the duties remain even if the persons appointed to perform them shall die or resign. It prescribes a regular tenure of office with fixed periods when successors are to be appointed; and emoluments are prescribed, parsimonious though they be in amount. The office and the officers are created by governmental authority, for the discharge of legally prescribed public duties, as part of the sovereign power of the State and for the public good."

Sullivan was appointed as a member of the county mental health board under authority created by legislative enactment. He is paid under that same authority by a political subdivision of the state. As such, he is an officer of the state for the purposes of social security benefits and taxes.

The judgment of the District Court is reversed and the cause is remanded with directions to enter judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.