MICHAEL L. SORTINO, APPELLANT, V. STEVEN MILLER AND CABLEVISION OF PLATTSMOUTH, INC., A NEBRASKA CORPORATION, APPELLEES.

335 N.W.2d 284

Filed June 10, 1983.   No. 82-609.

Alan H. Kirshen, for appellant.

James P. Waldron of Nelson, Morrow & Waldron, for appellee Miller.

Melvin C. Hansen of Hansen, Engles & Locher, P.C., for appellee Cablevision of Plattsmouth.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This is an appeal from a finding on rehearing by the Nebraska Workmen's Compensation Court that the plaintiff, Michael L. Sortino, failed to show by a preponderance of the evidence the existence of an employer-employee relationship between himself and the defendants. The compensation court found Sortino was not acting as an employee of the defendants but, rather, more in the character of an independent contractor; therefore, Sortino was not entitled to workmen's compensation benefits from the defendants for injuries he sustained while working. We agree.

Sortino has assigned several errors to the findings of the compensation court. He argues that (1) there is no evidence in the record to support the court's finding that Sortino was able to substitute the services of another for his own; (2) the court erred in finding Sortino is not an employee of Miller, and in making no finding as to Sortino's employment relationship with Cablevision of Plattsmouth, Inc. (Cablevision); (3) it was error for the court to refuse to permit evidence of admission by Cablevision's agent of its employer status; and (4) the court erred in refusing to permit direct evidence about Sortino's reduced earning capacity.

Plaintiff, Michael L. Sortino, has worked installing cable televisions in Plattsmouth, Nebraska, since early 1981. He originally worked through the contract Steve Hunt had with Cablevision. When Hunt lost his contract in the spring of 1981, Sortino attempted to gain a contract of his own with Cablevision. He was unable to obtain such a contract. Steven Miller was awarded a contract to do installations for Cablevision in February or March of 1981.

Soon thereafter, Miller, Sortino, and Cablevision agreed Sortino could work through Miller's contract. Under this arrangement, each day Miller, Sortino, and other installers would simply go to the Cablevision offices and pick up a set of work or installation orders. Each worker would go in his own vehicle and complete those orders, using his own tools.

Each week Sortino would submit an invoice to Miller under the name of "Sortino Cable Contractor." Miller would in turn submit his and Sortino's completed work orders to Cablevision, receive payment, and finally remit to Sortino a check in the name of Sortino Cable Contractor for the work completed that week. No social security or income taxes were deducted from these checks. This was on a piecework basis. That is, for each given task, Sortino would be paid a flat rate. Under this arrangement Sortino worked his own hours and performed his work as he saw fit. Sortino hired a helper on his own initiative and paid the helper out of his own pocket. Miller testified that he exercised no control of any type over Sortino.

On April 10, 1981, while installing cable television outlets in the Nottingham Court apartments, Sortino fell from a ladder, breaking his right ankle. As a result of this injury and subsequent therapy, Sortino was unable to work until August 21, 1981. Sortino now seeks to recover workmen's compensation benefits for the injury, claiming he was acting as an employee of the defendants when he was injured.

In appeals from the Nebraska Workmen's Compensation Court, we are to apply the limited standard of review used in civil jury cases. "Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. . . . In determining the sufficiency of evidence necessary to sustain an award of the Nebraska Workmen's Compensation Court after rehearing, such evidence must be

considered most favorably to the successful party, every controverted fact must be resolved in his or her favor, and he or she must receive the benefit of every inference reasonably deducible from it." *Shaw v. Gooch Feed Mill Corp.*, 210 Neb. 17, 19, 312 N.W.2d 682, 683-84 (1981). See, also, *Renshaw v. Merrigol-Adler Bakery*, 212 Neb. 662, 325 N.W.2d 46 (1982).

The relevant Nebraska statute further limits our review, stating that we may modify, reverse, or set aside a decision of the compensation court for only four reasons: "(1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award." Neb. Rev. Stat. § 48-185 (Reissue 1978). It is in this posture that we review this matter.

When determining the employment status of an individual under the Workmen's Compensation Act, we have uniformly held that no single test is determinative, but rather each case should be decided by the facts presented therein. The burden of proof is on the claimant in each case to prove the nature of his employment. *Williams v. Williams Janitorial Service*, 207 Neb. 344, 299 N.W.2d 160 (1980).

The primary test, when determining if such a relationship exists, is one of control. Determining what constitutes an independent contractor in the past, we have stated: "An independent contractor is one who, in the course of an independent occupation or employment, undertakes work subject to the will or control of the person for whom the work is done only as to the result of the work and not as to the methods or means used. Such a person is not an employee within the meaning of the workmen's compensation statutes." *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 20, 286 N.W.2d 420, 425 (1979).

"This court has said that an independent contractor is generally distinguished from an employee in that the contractor performs according to his own method, and is not subject to the employer's control except as to the results of the work." *Voycheske v. Osborn*, 196 Neb. 510, 513, 244 N.W.2d 74, 76 (1976).

As stated above, there is evidence in the record supporting the contention that Miller did not exercise any control over Sortino. It seems the only aspect of Sortino's work that the defendants were concerned with was whether or not the final product was acceptable. Such a relationship is not that of employer and employee.

The failure to deduct social security and/or income taxes tends to show the claimant is not an employee. *Voycheske v. Osborn, supra.* None was taken from Sortino's pay. Independent contractors usually furnish their own tools and equipment. Sortino supplied his own vehicle and tools. The fact that a worker may substitute his services with that of another also indicates that worker to be an independent contractor. *Stephens v. Celeryvale Transport, Inc., supra.* Sortino hired a helper on his own initiative and paid him out of his own pocket.

We have also held in the past: " 'The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified piece of work for a specific price. . . .' " *Snodgrass v. City of Holdrege*, 166 Neb. 329, 334, 89 N.W.2d 66, 69 (1958). In this case Sortino was doing "piecework," earning a set fee for each task performed.

While there does seem to be some indicia of an employer-employee relationship, there is evidence to support the Nebraska Workmen's Compensation Court's findings that the weight of the evidence and authority gives rise to the conclusion that Sortino acted as an independent contractor and was not the employee of either of the defendants. The compensation court acted within its powers; there is no evi-

dence of fraud; and there is sufficient competent evidence in the record and sufficient findings of fact to support that court's judgment. We cannot say the compensation court is clearly wrong, and therefore we affirm its decision.

As a final matter, plaintiff complains that the court erred in sustaining defendants' objection to testimony concerning a possible admission by Cablevision's insurance agent as to whether Cablevision was in fact Sortino's statutory employer. It is not totally clear in the record, but it seems the statements which were made by the insurance agent were done while negotiating a settlement. As such, the court sustained defendants' objection to such statements under Neb. Rev. Stat. § 27-408 (Reissue 1979), which states in relevant part: "Evidence of conduct or statements made in compromise negotiations is likewise not admissible." This was the correct ruling by that court and was not error, since the statement in question seems to have been made in negotiation of a settlement.

Since we find that Sortino was not the employee of either of the defendants, we need not reach the final assignment of error concerning his diminished earning capacity.

AFFIRMED.