BENJAMIN W. FRANKLIN, APPELLEE AND CROSS-APPELLANT, V. GEORGE PAWLEY, DOING BUSINESS AS COMMERCIAL ROOFING COMPANY, APPELLANT AND CROSS-APPELLEE, BROWNELL-TALBOT SCHOOL, APPELLEE.

340 N.W.2d 156

Filed November 10, 1983. No. 83-132.

Barlow, Johnson, DeMars & Flodman, for appellant.

Sidner, Svoboda, Schilke, Wiseman, Thomsen & Holtorf, for appellee Franklin.

Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee Brownell-Talbot.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This is a workmen's compensation case brought pursuant to the provisions of the Nebraska Workmen's Compensation Act, Neb. Rev. Stat. §§ 48-101 to 48-1,109 (Reissue 1978). The appellee and cross-appellant, Benjamin W. Franklin, brought suit against the appellant, George Pawley, doing business as Commercial Roofing Company, for injuries allegedly sustained by Franklin while in the course of his employment for Pawley. Specifically, Franklin alleged that he was an employee of Pawley's and was injured in an accident that occurred while making some repairs on a roof at the Brownell-Talbot School in Omaha, Nebraska. Brownell-Talbot School was named as a second defendant, on a theory of liability as a statutory employer by virtue of § 48-116.

On hearing to a single judge the Nebraska Workmen's Compensation Court awarded full benefits to Franklin against Pawley, including medical and hos-

pital expenses, temporary total disability, and benefits for rehabilitation. In addition, the court ordered Pawley to pay Franklin a 50-percent penalty and attorney fee pursuant to § 48-125. The single-judge Workmen's Compensation Court dismissed the case against Brownell-Talbot, finding that the school was not a statutory employer. On rehearing the three-judge panel affirmed the award to Franklin; however, the court set aside the penalty and attorney fee, finding that a reasonable controversy did exist as to Pawley's liability to Franklin.

Pawley now appeals to this court. Franklin has cross-appealed on the issue of the 50-percent penalty and attorney fee. On review we believe that the facts in this case conclusively establish that the decision of the three-judge panel as to Pawley's liability was correct and should be affirmed. We believe, however, that no reasonable controversy as contemplated by § 48-125 existed as to Pawley's liability, and we therefore reinstate the one-judge order in that regard.

Pawley denied liability on two grounds. His first ground was that Franklin was an independent contractor and therefore Pawley was not liable. The evidence, however, does not support that claim. Factors which have been used by this court to determine employee status have been (1) the element of control, including the right of termination, the method of payment, and the availability of equipment, and (2) the nature of the work, including the skill required and the duration of the work. See, *Sortino v. Miller*, 214 Neb. 592, 335 N.W.2d 284 (1983); *Voycheske v. Osborn*, 196 Neb. 510, 244 N.W.2d 74 (1976); *Schneider v. Village of Shickley*, 156 Neb. 683, 57 N.W.2d 527 (1953). When we examine the facts in light of those factors, we are able to reach only one conclusion—that Franklin was an employee of Pawley's.

Specifically, in connection with the job which resulted in Franklin's injuries, the record discloses

that Pawley had replaced the roof on one of the buildings at the Brownell-Talbot School during the summer of 1980. While the roof was still under warranty, it had developed several leaks. On June 18, 1981, Franklin was sent by Pawley to Brownell-Talbot to repair a leak in the roof. While completing the repair, using a hot tar process, Franklin's arms and hands were injured. For approximately 2 months prior to the date of the injury which is the basis of this litigation, Franklin had done roofing work for Pawley. He was paid on the basis of $40 per day, and guaranteed $100 a week regardless of work completed. Pawley gave Franklin the day's job location, and visited the jobsites to check on the work and to supply the materials. Franklin drove a company truck that was supplied by Pawley, and the truck was equipped with tar and roofing machinery which belonged to Pawley. Pawley also provided the gasoline for the truck on a daily basis. Franklin shared in none of the profits. Franklin was in every sense of the word a traditional employee and met all of the tests for being an employee under the Nebraska Workmen's Compensation Act, and was entitled to recover under the act without any question.

Secondly, Pawley urges that Brownell-Talbot was a statutory employer within the meaning of § 48-116, and therefore jointly and severally liable with Pawley to Franklin. Likewise, we reject that contention.

Section 48-116 provides in part: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this act, shall be included in the term employer, and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act." Although not relevant to our decision in this case, the

act further provides that notwithstanding these provisions, the act shall not be construed to apply to an owner who lets a contract to a contractor in good faith and requires the contractor to obtain insurance guaranteeing payment to the injured worker.

Pawley maintains that our earlier decision in *Sherlock v. Sherlock*, 112 Neb. 797, 201 N.W. 645 (1924), supports his position in this case. In *Sherlock* this court held that the owner of a building who conducted a drug wholesale operation was liable for injuries to a painter who was painting the exterior of the building under an independent contract. The rationale of our holding in *Sherlock* was to the effect that this was the type of work that an employee of the project owner *could have done*. Relying on *Sherlock*, Pawley argues that Brownell-Talbot could have repaired the leaks in its roof with its own maintenance personnel and therefore is liable as a statutory employer. In reflecting on the rule in *Sherlock* and in keeping with our position recently expressed in *Rogers v. Hansen*, 211 Neb. 132, 317 N.W.2d 905 (1982), we believe that this portion of the *Sherlock* decision was in error. The rule applicable to statutory employers is not whether the work is of the type that the owner "*could do*" but, rather, whether it is of the type which the owner "normally did." Specifically, in *Rogers, supra*, we said: "The general test of whether work being done by an independent contractor for an owner is within the ambit of Neb. Rev. Stat. § 48-116 (Reissue 1978) is whether the work being done by the independent contractor would *ordinarily be done by employees of the owner in view of the owner's past practices* and the practices of employers in comparable businesses." (Emphasis supplied.) (Syllabus of the court.) We believe that this is the correct rule in keeping with the better reasoned decisions on that point. As suggested by Professor Larson in his renowned work on workmen's compensation, the test for the application of statutory liability must be a relative one and

cannot be an absolute rule. Specifically, some repair jobs can be extraordinary and nonreoccurring, demanding great effort if a business is small. However, for a large company those same tasks would be routine activity, normally within the company's expectation for its own employees. The fact of that matter will vary from case to case and will depend, to a large extent, upon the evidence. 1C A. Larson, The Law of Workmen's Compensation § 43.10 (1980).

Factors which help determine if the activity is within the owner's trade or business, so that the employees of the owner would be expected to ordinarily complete the task, may include (1) the nature of the business, (2) the previous activities of the business' employees, (3) the amount of participation in the job by the business' employees, (4) the company's charter, (5) the duration of the job, (6) the regularity of the activity, (7) the past practices of the business, (8) the employer's size, and (9) the skilled manpower and tools available to complete the task. For example, in *Williams v. Shell Oil Co.*, 677 F.2d 506 (5th Cir. 1982), the plaintiff was injured while engaged in doing repair work on the oil company's cooling towers. The evidence showed that Shell's own employees usually performed small and medium-sized maintenance jobs, but large-scale repairs were customarily contracted out. Because the project on which the plaintiff was working was a large-scale repair, it was not work that could be characterized as part of Shell's usual and customary business, and therefore the oil company was not held liable as a statutory employer. See, also, *Eckmayer v. Newport*, 267 S.W.2d 379 (Mo. App. 1954); *Tolstonog v. Muller Restaurant Supply*, 430 So. 2d 243 (La. App. 1983); *Dir., Office of Wkrs'. Comp., etc. v. Nat. Van Lines, Inc.*, 613 F.2d 972 (D.C. Cir. 1979); *Frazier v. Kysor*, 43 Colo. App. 287, 607 P.2d 1296 (1979); *Szofran v. Century Electric Co.*, 255 S.W.2d 443 (Mo. App. 1953); *Saale v. Alton Brick Company*, 508 S.W.2d 243 (Mo. App. 1974); *Bassett*

*Furniture v. McReynolds*, 216 Va. 897, 224 S.E.2d 323 (1976); *Shireman v. Rainen Home Furnishers, Inc.*, 402 S.W.2d 64 (Mo. App. 1966).

Unlike *Rogers, supra,* where the evidence failed to disclose whether the employer had used its own employees in the past to move furniture or equipment, the evidence in the present case discloses that Brownell-Talbot never ordinarily repaired or replaced its own roof, nor did it have the necessary equipment to do so. Again, unlike *Rogers,* where no evidence of the business practice was offered, the evidence here disclosed that no small school in the area would ordinarily repair or replace its own roof. Therefore, consistent with our holding in *Rogers* and with the rule which we now clarify, we believe the evidence clearly supported a finding that the work done by Franklin would not ordinarily be done by employees of Brownell-Talbot, nor had it ever been done in the past. For that reason the Workmen's Compensation Court was absolutely correct in holding that Brownell-Talbot was not a statutory employer. To the extent that our holding in this case is contrary to our holding in *Sherlock v. Sherlock*, 112 Neb. 797, 201 N.W. 645 (1924), our holding in *Sherlock* is disapproved.

For these reasons, therefore, the judgment of the three-judge panel of the Workmen's Compensation Court is affirmed, except with regard to the denial of the 50-percent penalty and statutory fees allowed by the trial court. Our review of the record discloses that there was no reasonable controversy as between Pawley and Franklin. Whether Brownell-Talbot was a statutory employer and therefore jointly and severally liable would not in any manner have affected Pawley's independent liability. For that reason we believe that the one-judge compensation court was correct in holding that no reasonable controversy existed and the penalty and attorney fee provisions of § 48-125 should apply. We reinstate that portion of the one-judge opinion which allowed

a 50-percent penalty and attorney fees. Further, we allow Franklin an additional attorney fee in the amount of $750 to apply upon his attorney fees for services in this court.

AFFIRMED AS MODIFIED.