JUDITH E. GREGG, APPELLANT, V. DONALD CHALLBURG
AND JOANN CHALLBURG, APPELLEES.

347 N.W.2d 559

Filed April 27, 1984. No. 83-683.

Jack R. Knicely, for appellant.

Robert L. Bals of Nelson & Harding, for appellees.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

McCOWN, J., Retired.

In this workmen's compensation case a single judge of the Workmen's Compensation Court found that plaintiff was an employee of the defendants and was injured in the course of her employment, and entered an award for temporary total disability and permanent partial disability of her right arm and for medical expenses. On rehearing the three-judge Workmen's Compensation Court found that plaintiff was an independent contractor rather than an employee at the time of the accident and injury, and reversed and set aside the award and dismissed plaintiff's petition.

In April 1980 the plaintiff began a cleaning and janitorial service in Sidney, Nebraska, under the name of Judy's House Service, and thereafter performed cleaning and janitorial services for various customers and employers.

In April 1981 plaintiff was employed by defendants through the employment office to help clean up their restaurant prior to its initial opening. She worked 2 or 3 days for $4.50 per hour. She was paid and the employment concluded. Defendants opened their restaurant shortly thereafter.

Sometime in June 1981, plaintiff was in the restaurant as a customer and told the defendant Donald

Challburg that she had a janitorial service and that if he needed any janitorial work she would be glad to help out. Challburg had been washing windows and doing extra kitchen cleaning by himself after hours, and told her he needed somebody to clean the kitchen and wash the windows every other week.

The parties orally agreed that plaintiff would come in once a week and wash the windows one week and clean the kitchen the next week, a total of 4 times a month. She could wash the windows any time after the noon hour, but the kitchen was to be cleaned after the restaurant closed. Defendant Challburg testified, "She bid the job at $100 per month." Plaintiff said, "I verbally made an agreement at that time to do it at $100 a month." There was no discussion as to how many hours the work would take, or who would do the work, or for what period the agreement would continue. The personal service of plaintiff was not required. It was understood that plaintiff was to pay for any extra help she used. Plaintiff could and ordinarily did use defendants' cleaning supplies and equipment.

Plaintiff began the work in June 1981 and continued until November 29, 1981. During that period, plaintiff's mother and nephew helped with the work from time to time, but were not paid. An unrelated individual also worked with plaintiff occasionally, and was paid by plaintiff from her own funds.

Defendants paid plaintiff monthly by check payable either to Judy's Cleaning Service or Judy's Janitorial Service. No social security or income tax was withheld. Plaintiff told defendant that she had an employer's identification number, but it was not furnished. Challburg testified that he knew at the time of the agreement that plaintiff worked for other businesses.

Plaintiff testified that defendant gave her instructions about cleaning walls and grease filters in the kitchen. Defendant Challburg testified that he occasionally told plaintiff about some specific area of

the kitchen that needed attention but that he did not supervise or control how she cleaned, but only looked afterward to see that it had been done.

The evidence also showed that between April 1980 and November 29, 1981, Judy's House Service had provided cleaning and janitorial services to 27 individuals, 5 businesses, and a school district. Plaintiff was the sole proprietor of the business and had obtained a federal tax identification number for the business. She also drove an automobile which advertised the business.

None of the businesses for which plaintiff cleaned withheld social security or federal or state income taxes. Most of the checks in payment for plaintiff's services were made payable to Judy's House Service and were deposited in a bank account which was in the name of Judy's House Service.

The three-judge Workmen's Compensation Court on rehearing found that plaintiff was an independent contractor at the time of her accident and injury, and dismissed her petition, and this appeal followed. The only critical issue on this appeal is whether the plaintiff was an employee of the defendants or an independent contractor at the time of her accident and injury.

The Workmen's Compensation Court on rehearing specifically found that the defendants did not exercise control over plaintiff, and the record shows that the court weighed the various factors to be considered in determining whether an individual is an employee or an independent contractor within the ambit of previous decisions of this court.

There is no single test by which determination of whether a workman is an employee, as distinguished from an independent contractor, may be made. The determination must be made by consideration of all the facts in the case. The burden is on the plaintiff to prove that she was an employee at the time of the accident. See, *Voycheske v. Osborn*, 196 Neb. 510, 244 N.W.2d 74 (1976); *Sortino v. Miller*,

214 Neb. 592, 335 N.W.2d 284 (1983); *Franklin v. Pawley*, 215 Neb. 624, 340 N.W.2d 156 (1983).

There is ample evidence in the record to support the finding of the Workmen's Compensation Court that the plaintiff was an independent contractor rather than an employee at the time of her accident and injury.

Findings of fact made by the Nebraska Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict and will not be set aside unless clearly wrong. Neb. Rev. Stat. § 48-185 (Reissue 1978); *Sortino v. Miller, supra.*

The record supports the judgment of the Workmen's Compensation Court.

AFFIRMED.