CHARLES (DAN) LARABEE, APPELLANT, V. LAFI JAFARI, APPELLEE.
397 N.W.2d 22

Filed December 5, 1986.    No. 85-773.

Thomas D. Wulff and John D. Hartigan, Jr., of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Robert G. Decker, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an order of dismissal on rehearing entered by the Nebraska Workers' Compensation Court. In entering its order the Workers' Compensation Court

acknowledged that there was a direct conflict in the testimony but concluded that the appellant, Charles (Dan) Larabee, was an independent contractor and therefore not entitled to compensation. The single assignment presented to us is whether the Workers' Compensation Court erred in failing to find that Larabee was an employee of Jafari at the time of his accident. Unless we are able to say as a matter of law that Larabee was an employee of Jafari, we are required to affirm the decision of the Workers' Compensation Court. In reviewing workers' compensation cases this court does not reweigh the facts. Our standard of review accords to the findings of fact made by the Nebraska Workers' Compensation Court after rehearing the same force and effect as a jury verdict in a civil case. Such findings will not be reversed or set aside unless clearly wrong. See *Smith v. Hastings Irr. Pipe Co.*, 222 Neb. 663, 386 N.W.2d 9 (1986). See, also, *Beavers v. IBP, Inc.*, 222 Neb. 647, 385 N.W.2d 896 (1986); *Oham v. Aaron Corp.*, 222 Neb. 28, 382 N.W.2d 12 (1986).

Furthermore, we have held that in testing the sufficiency of the evidence to support the findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in favor of the successful party, and the successful party is given the benefit of every inference that can reasonably be drawn from the evidence. See *Hollinger v. Consolidated Motor Freight*, 223 Neb. 449, 390 N.W.2d 518 (1986).

We have reviewed the record and have determined that we cannot say as a matter of law that Larabee was an employee. Instead, consideration of all of the facts in the case could lead a court to conclude that Larabee was an independent contractor. See *Gregg v. Challburg*, 217 Neb. 143, 347 N.W.2d 559 (1984). Being unable, therefore, to say as a matter of law that Larabee was an employee, we affirm the decision of the Workers' Compensation Court.

AFFIRMED.