REQUESTED BY: Senator Michael T. Avery Nebraska State Legislature
You have requested our opinion regarding government employment and your membership in the Nebraska Legislature. You note that you gave up your position at the Nebraska Game and Parks Commission when you joined the Legislature two years ago. You then ask:
 What I am not sure about is whether I can serve as a paid consultant to the state or to any other governmental agency.
 Do the limits in the state constitution apply in any way to county or city employment? Also, I know from the Conway decision [State ex rel. Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403 (1991)] that I cannot work for a state college, but can I work for a city or county school system which receives state monies. (sic) If so, would this limitation only apply to state sponsored programs within such school systems?
From subsequent conversations with your staff, we understand that you are considering work as a paid consultant for state educational institutions or local school districts. You are also apparently considering teaching at the local level. We understand further that your primary concern is with Art. III, § 9 of the Nebraska Constitution.
Art. III, § 9 provides:
 No person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to, or have a seat in the Legislature. No person elected or appointed to the Legislature shall receive any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session, and all such appointments shall be void.
The general purpose of constitutional provisions such as Art. III, § 9 is to protect against conflicts of interest and to prevent improper personal gain and the concentration of power. 67 C.J.S. Officers § 29; In re Wilkins, 116 Neb. 748, 119 N.W. 9
(1928). However, while such provisions prohibit a Legislator from holding another public office, they do not prohibit public employment. 67 C.J.S. Officers § 29; McCutcheon v. City ofSt. Paul, 298 Minn. 443, 216 N.W.2d 137 (1974). For example, in the McCutcheon case, the Supreme Court of Minnesota held that members of the state legislature could also serve as police officers for the City of St. Paul since, in the latter capacity, they were not public officers for purposes of a state constitutional provision which stated that no members of the Minnesota House of Representatives or Senate could "hold any other office under the authority of the United States or the State of Minnesota."
In Nebraska, a public office is a governmental position, the duties of which invest the incumbent with some aspect of the sovereign power. State ex rel. Spire v. Conway, supra. Public offices involve public stations or employment, conferred by the appointment of government, which embrace the ideas of tenure, duration, emolument and duties. State ex rel. O'Connor v. Tusa,130 Neb. 528, 126 N.W.2d 524 (1936). You indicated in your opinion request that you wish to act as a paid consultant to state and local educational entities. We do not believe that the typical paid consultant position would involve an appointment of government, tenure, duration, specified duties by statute, or any exercise of the sovereign power. As a result, we do not believe that you would occupy a public office with respect to your proposed employment by a state educational institution or a local school district in the capacity of a paid consultant. Such employment while you serve in the Legislature would not, therefore, appear to violate Art. III, § 9.
Serving as a teacher in a local school district while serving in the Legislature is a bit more problematic under Art. III, § 9. In Eason v. Majors, 111 Neb. 288, 196 N.W. 133 (1923), the court held that a teacher at a state college was a public officer for purposes of jurisdiction under the quo warranto statutes. There is language in the Eason case which would support an argument that teachers are public officers, and Eason was cited with approval in State ex rel. Spire v. Conway, supra, for the proposition that the court there had jurisdiction. If teachers are public officers, then there is a potential problem with teaching and simultaneous service in the Legislature under Art. III, § 9.
On the other hand, while the court in Conway indicated that a teacher in a state college holds a public office for purposes of quo warranto jurisdiction, the court also indicated that the words "office" and "officer" are of vague and variable import, and their meaning necessarily varies with the connection in which they are used. As a result, it is not clear under Conway that all teachers are public officers for all purposes beyond the issue of quo warranto jurisdiction. Moreover, as we indicated in our Op. Att'y Gen. No. 92022 (February 18, 1992), the Conway decision offers little guidance as to the application of its holding to local governmental officials. Consequently, we cannot say that you are clearly precluded from acting as a teacher for a local school district and serving in the Legislature under Art. III, § 9.
The decision in the Conway case involved the application of the Separation of Powers provision in the Nebraska Constitution, Art. II, § 1, to a member of the Legislature who was on the faculty of a state college. Art II, § 1 also has potential application to situation outlined in your opinion request.
Art. II, § 1 of the Nebraska Constitution provides, as is pertinent here:
 The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, . . .
In Conway, the court set out the following rule concerning the constraints provided by Art. II, § 1:
 . . . article II prohibits one who exercises the power of one branch — that is, an officer in the broader sense of the word — from being a member — that is, either an officer or employee — of another branch.
Conway at 782, 472 N.W.2d at 412. Therefore, since you are clearly an officer in the legislative branch of government through your service as a Legislator, you cannot be an officer or an employee of another branch of government as a result of any educational position which you are currently contemplating.
As discussed above, we do not believe that paid consultants to governmental agencies are officers of those agencies. Consequently, your service as a paid consultant to a governmental agency in the Executive Branch of government would only contravene Art. II, § 1 of the Nebraska Constitution if that service made you an employee of the agency in question. With respect to that issue, we will provide you with guidance in the context of employment as a paid consultant to state agencies since, as we have noted previously, it is unclear to what extent, if at all, the Conway rule applies to local governmental entities.
The Nebraska Supreme Court has not directly indicated what constitutes being an employee of a state agency in a case involving Art. II, § 1. What constitutes an employee varies from situation to situation. See Black's Law Dictionary 471 (5th ed.) "Employee." Someone may be an employee for federal tax purposes and not for other purposes. Sullivan v. Hajny, 210 Neb. 481,315 N.W.2d 443 (1982). Someone may be an employee for workers' compensation purposes and not for other purposes. See,e.g., Williams v. Williams Janitorial Service, 207 Neb. 344, 347,299 N.W.2d 160 (1980); Stephens v. Celeryvale Transport, Inc.,205 Neb. 12, 19, 286 N.W.2d 420 (1979).
It seems to us that one of the basic purposes of Art. II, § 1 is to prevent one branch of government from holding out the inducement of employment to influence officials of another branch of government. Hence the rule that someone who is an officer in one branch of government may not be an officer oremployee in another branch of government. In that regard, the evil is the same whether an officer in one branch of government is a traditional employee or is employed as an independent contractor. Since many employee relationships could potentially be revised to create independent contractor status, it seems to us the proper interpretation of Conway is that an officer in one branch of government may not be either a common law employee or employed as an independent contractor by another branch of state government.
Teaching for a local school district and serving in the Legislature presents additional potential problems under Art. II, § 1 for those reasons discussed above with respect to Art. III, § 9. Specifically, it is possible to argue in that situation that teachers are public officers in the executive branch of government, which would cause obvious difficulties under the Separation of Powers provision. However, as was the case with Art. III, § 9, it is far from clear that teachers for a local school district are public officers. Nor is it clear if and/or how the Conway rule applies to local governmental entities. Consequently, we cannot say that you are clearly precluded from serving in the Legislature and teaching in a local school district under Art. II, § 1 of the Nebraska Constitution.
Finally, we would note that you should take the provisions of Art. III, § 16 of the Nebraska Constitution and its associated statutes dealing with conflicts of interest for Legislators into account in any situation where you might contract with governmental entities for your services. In particular, that constitutional provision and Neb. Rev. Stat.§ 49-14,102 (1993) provide for open contract awards and public access to contract documents in certain circumstances.
Sincerely yours,
 DON STENBERG Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature